BENJAMIN R. LEVINSON-SBN 116675
LAW OFFICE OF BENJAMIN R. LEVINSON
A Professional Corporation
4340 Stevens Creek Blvd., Suite 199
San Jose, CA 95129
Telephone: (408) 866-2999
Facsimile: (408) 866-2992
E-Mail: ben@benlevinsonlaw.com

Attorney for Secured Creditors Behrooz R. Shahab and
Laurie A. Shahab, Trustees of The Shahab Family
Revocable Trust, Dated 7/31/2000, Gregory Galen Lin,
and Stephen E. Fournier, Trustee Fournier Tax Consulting 401K

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| In re:<br><br>DUTCHINTS DEVELOPMENT, LLC,<br><br><br><br><br><br>Debtor.<br>_____/ | Case No. 21-51255-MEH<br>Chapter 11<br><br>RS No. BRL-355<br><br>MOTION FOR ORDER TERMINATING AUTOMATIC STAY OR REQUIRING ADEQUATE PROTECTION<br><br>DATE: December 10, 2021<br>TIME: 10:00 a.m.<br>DEPT: **Via Video/Teleconference**[1] |

Secured Creditors BEHROOZ R. SHAHAB and LAURIE A. SHAHAB, TRUSTEES OF THE SHAHAB FAMILY REVOCABLE TRUST, DATED 7/31/2000, GREGORY GALEN LIN, and STEPHEN E. FOURNIER, TRUSTEE FOURNIER TAX CONSULTING 401K (collectively "Movants"), move the Court to make an Order terminating the automatic stay for cause under 11 U.S.C. § 362(d)(1) and lack of equity under 11 U.S.C. § 362(d)(2) with respect to the interest of Debtor and the

---

[1] **Please see Judge Hammond's posted calendar for this hearing at www.canb.uscourts.gov for information on how to attend via video or teleconference.**

1
MOTION FOR ORDER TERMINATING AUTOMATIC STAY OR REQUIRING ADEQUATE PROTECTION

estate's interest in the real property commonly known as 1226 Phyllis Avenue, Mountain View, California, 94040 (the "Property") and more particularly described as set forth in the deed of trust attached as Exhibit "B" to the declaration filed herewith.

1. The Court has jurisdiction on this action pursuant to the provisions of Title 28 U.S.C. § 1334 and § 157, and 11 U.S.C. § 362.

2. On or about September 29, 2021, the above-named Debtor filed a Chapter 11 Petition in bankruptcy with this Court. The Debtor is acting as a Debtor in Possession in this bankruptcy.

3. Movants are the obligees of a promissory note and beneficiary of a first deed of trust on the Property. The borrowers on the loan are Debtor and an individual named Madeleine Tashjian ("Madeleine"). The deed of trust securing the note provides that attorney's fees and costs incurred in protecting the security may be included in the outstanding balance under the note. The current principal balance of Movant's note is $1,522,500.00 and the note was in default at the time the bankruptcy was filed in excess of $181,105.00 and the note had matured.

4. Debtor admits in Schedule A that it only holds a 10% interest in the Property and the other 90% is owned by Madeleine.

5. Movants are entitled to adequate protection of their interest in the Property under 11 U.S.C. § 361 and § 362(d)(1). Adequate protection in this case requires normal and periodic cash payments by Debtor and Madeleine as called for by the note, plus the repayment of any and all delinquent amounts owed to Movants, including all attorney's fees and costs incurred in representing Movants in this bankruptcy. Additionally, it includes all payments of property taxes and insurance securing the Property.

There is less than twenty percent equity cushion in the Property, so that without mortgage payments being made, cause exists to terminate the automatic stay. <u>United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.</u>, (1988) 484 U.S. 365; <u>In re Mellor</u>, 734 F.2d 1396 (9th Cir. 1984).

6. Movants are informed and believe that Debtor and Madeleine are presently unable to provide adequate protection to Movants and there is no probability that adequate protection be provided to Movants within a reasonable time.

7. The Property is further encumbered by a junior obligation with Brent Roles secured by a second deed of trust with a current balance in excess of $472,500.00 according to Schedule D filed by Debtor.

8. The total debt against the Property exceeds $2,201,800.00. The value of the Property is approximately $2,036,000 - $2,200,000,00 so that no equity exists for the benefit of Debtor or for the benefit of the bankruptcy estate.

9. The Property is not necessary for the reorganization of Debtor because it is fully encumbered and Debtor has only a 10% interest in the Property.

10. The defaults are evidence of "cause" to terminate the automatic stay under 11 U.S.C. § 362(d)(1), and Movants are also entitled to relief from stay because there is no equity in the Property nor is the Property necessary for the reorganization of Debtor under 11 U.S.C. § 362(d)(2).

11. Movant started foreclosure prior to the filing of the bankruptcy by the recording of a Notice of Default and Election to Sell on March 17, 2021. Thereafter, a Notice of Trustee's Sale was published, posted, recorded, and mailed, according to state law, and a trustee's sale was originally set for July 21, 2021. A written forbearance agreement was reached giving Debtor and Madeleine until September 27, to pay the loan of Movants. The trustee's sale was then postponed to September 29, 2021. Debtor filed this bankruptcy on September 29, 2021, prior to the scheduled sale and the trustee's sale has been postponed from time to time since that date.

WHEREFORE Movants pray judgment as follows:

1. For an Order granting relief from the automatic stay or requiring adequate protection;

---

3

MOTION FOR ORDER TERMINATING AUTOMATIC STAY OR REQUIRING ADEQUATE PROTECTION

2. For an Order that terminates or vacates the automatic stay as to Debtor and the estate for all purposes as it pertains to Movant's interest in the Property, including all steps necessary to start, continue, and complete a non-judicial foreclosure and to obtain possession of the Property under California law after completion of foreclosure;

3. For an Order waiving the fourteen-day stay period after entry of the Order under Bankruptcy Rule 4001(a)(3) and California Civil Code § 2924g(d) to the extent that it applies;

4. For attorney's fees and costs of incurred by Movants for filing this Motion be included in the outstanding balance of the note as allowed under non-bankruptcy law;

5. For such other and further relief as the Court may deem proper.

Law Office of Benjamin R. Levinson<br>
A Professional Corporation

Dated: November 18, 2021           */S/ BENJAMIN R. LEVINSON*
                                   BENJAMIN R. LEVINSON,
                                   Attorney for Movants