BENJAMIN R. LEVINSON-SBN 116675
LAW OFFICE OF BENJAMIN R. LEVINSON
A Professional Corporation
4340 Stevens Creek Blvd., Suite 199
San Jose, CA 95129
Telephone: (408) 866-2999
Facsimile: (408) 866-2992
E-Mail: ben@benlevinsonlaw.com

Attorney for Secured Creditors Behrooz R. Shahab and
Laurie A. Shahab, Trustees of The Shahab Family
Revocable Trust, Dated 7/31/2000, Gregory Galen Lin,
and Stephen E. Fournier, Trustee Fournier Tax Consulting 401K

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

In re:

DUTCHINTS DEVELOPMENT, LLC,

                Debtor.
_____/

Case No. 21-51255-MEH
Chapter 11

RS No. BRL-355

DECLARATION OF GREGORY LIN IN SUPPORT OF MOTION FOR ORDER TERMINATING AUTOMATIC STAY OR REQUIRING ADEQUATE PROTECTION

DATE: December 10, 2021
TIME: 10:00 a.m.
DEPT: **Via Video/Teleconference**[1]

I, GREGORY LIN, declare:

1. I have personal knowledge of the facts stated herein, except those statements made upon information and belief, and as to those statements, I believe them to be true. If called as a witness, I could and would testify to them if called upon to do so.

2. BEHROOZ R. SHAHAB and LAURIE A. SHAHAB, TRUSTEES OF THE SHAHAB

---

[1] **Please see Judge Hammond's posted calendar for this hearing at www.canb.uscourts.gov for information on how to attend via video or teleconference.**

1
DECLARATION OF GREGORY LIN IN SUPPORT OF MOTION FOR ORDER TERMINATING AUTOMATIC STAY OR REQUIRING ADEQUATE PROTECTION

Case: 21-51255    Doc# 58-1    Filed: 11/18/21    Entered: 11/18/21 11:03:12    Page 1 of 5

FAMILY REVOCABLE TRUST, DATED 7/31/2000, GREGORY GALEN LIN (me), and STEPHEN E. FOURNIER, TRUSTEE FOURNIER TAX CONSULTING 401K (collectively "Creditors") are joint obligees of a promissory note and first deed of trust in which the borrowers are Debtor Dutchints Development, LLC ("Debtor"), and Madeleine Tashjian ("Madeleine").

In my capacity as one of the lenders, I have access to, and I am familiar with the books and records kept by me regarding this loan. These books and records have been generated, recorded, and compiled in the ordinary course of business of my investment business. Further, these documents were prepared at the time, or near the time, that the information was received or the events and transactions actually took place. It is my standard operating procedure to preserve my documents in a place of safekeeping on my business premises. I have personal access to these books and records and their continued safekeeping is maintained under my direction and supervision.

3. I have personally reviewed my records as they relate to Creditors' loan. The records reflect, among other things, the loan documents, the payments made, the payments missed, and all charges that have accrued and are accruing under the Creditors' loan. I am a duly authorized custodian of my records and familiar with the subject loan and the ongoing bankruptcy herein, and I have authority to certify my records. The statements regarding the loan of Creditors are based on my review of my business records.

4. The subject real property securing the loan of Creditors is generally described as 1226 Phyllis Avenue, Mountain View, California 94040 (the "Property"). It is a single family residence.

5. On or about December 13, 2019, Debtor and Madeleine obtained a loan from Creditors, executing and delivering to Creditors a promissory note in the principal amount of $1,522,500.00. Said note provides for interest from the date of funding, on the unpaid balance at the rate of eight and one-half percent (8.5 %) per annum, payable in monthly interest only installments of $10,784.38 beginning February 1, 2020. Said note provides for payment of the entire principal and interest on or before January

1, 2021. Said note further provides for a late charge of ten percent ($1,078.44) on any installment received after ten (10) days from the payment due date. The not further provides for default interest of 5% higher upon certain conditions, including delinquent payments, taxes, and insurance, and the maturity of the note. A true and accurate copy of said note is attached hereto as Exhibit "A" and incorporated herein by reference.

      6.      Concurrent with the execution of the promissory note, and for the purpose of securing said obligation, Debtor and Madeleine executed and delivered to Creditors, as beneficiaries, a first deed of trust on the Property. The deed of trust provides that attorney's fees and costs incurred as a result of protecting the security of the lender may be included in the outstanding balance under the note. Said deed of trust was recorded January 7, 2020, in the Official Records of Santa Clara County, California. A true and accurate copy of said deed of trust is attached hereto as Exhibit "B" and incorporated herein by reference.

      7.      Debtor and Madeleine originally defaulted on Creditors' obligation by the failure to pay the loan at maturity on January 1, 2021.

      8.      As a result of the default of Debtor and Madeleine, California TD Specialists, as substituted trustee under Creditors' deed of trust, recorded a Notice of Default and Election to Sell Under Deed of trust on March 17, 2021, in the Official Records of Santa Clara County, California. A Notice of Trustee's Sale was published, posted, recorded, and mailed, setting a trustee's sale for July 21, 2021. A forbearance agreement was reached giving Debtor and Madeleine until September 27, 2021, to pay the loan of Creditors. The trustee's sale was then postponed to September 29, 2021. Debtor filed this bankruptcy on September 29, 2021, prior to the scheduled sale and the trustee's sale has been postponed from time to time since that date.

      9.      No payments have been made on Creditors' loan since the filing of the bankruptcy. Actual delinquent amounts due to Creditors, as of November 9, 2021, are as follows:

**PRE-PETITION AMOUNTS**

| | |
|---|---|
| Principal due | $1,522,500.00 |
| Interest due from 1/1/21 – 9/29/21 at 13.5% per annum | $ 155,295.00 |
| Charges and advances | $ 14,986.75 |
| Interest on advances | $ 141.42 |
| Foreclosure Fees and Costs | $ 10,682.60 |
| Pre-petition TOTAL | $1,703,605.77 |

**POST-PETITION AMOUNTS**

| | |
|---|---|
| Interest due from 7/30/21 – 11/17/21 at 13.5 % | $ 23,408.44 |
| Advances for attorney fees and costs | $ 5,287.92 |
| Interest on advances | $ 44.07 |
| Post-petition TOTAL | $ 28,740.43 |
| **TOTAL** | **$1,732,346.20** |

10. The Property is further encumbered by a junior obligation with Brent Roles secured by a second deed of trust on the Property with a current balance of $472,500.00 according to Schedule D filed by Debtor.

11. When this loan was obtained Creditors had obtained an independent written fee appraisal showing a value of $2,175,000 as of December 5, 2019. That appraisal was based on 1,492 square feet for the residence. However, Creditor's agent, Hamilton Ridge, just found out that the County lists the square footage at 1,192. That could mean that the additional square footage of 300 was unpermitted. If it was unpermitted, then it cannot be considered for purposes of valuing the Property by an appraisal.

Creditors' agent, Hamilton Ridge, recently obtained a recent Broker's Price Opinion "BPO" shows the current value for the Property at $2,036,000.00 based on the lower square footage. A true and

accurate copy of the BPO is attached hereto as Exhibit "C" and incorporated herein by reference. Creditors are in the process of obtaining an updated independent fee appraisal that should be complete by the time of the upcoming hearing on this motion and will provide that to the Court.

12. The total of all encumbrances on the Property exceed $2,201,800.00. When the probable costs of sale of the Property (e.g., closing costs, escrow and title charges, brokerage fees, property maintenance and repairs, real property taxes, etc.) are taken into consideration, there is no equity remaining in the Property for the benefit of Debtor or for the benefit of the bankruptcy estate.

13. Debtor admits in its Schedule A that it is only 10% owner of the Property.

14. Based on the minimal interest of Debtor and the fact the Property is overencumbered, it clearly is not necessary to the reorganization of Debtor.

15. It has been necessary for Creditors to retain the services of the Law Office of Benjamin R. Levinson, a Professional Corporation, to represent Creditors in this bankruptcy. Pursuant to the terms of the promissory note and deed of trust herein and 11 U.S.C. § 506, Creditors are entitled to recovery of their attorney fees incurred for services rendered in enforcing this obligation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 17, 2021, in San Francisco, California.

                                                      /S/ GREGORY LIN
                                                      GREGORY LIN, Declarant