GEOFFREY E. WIGGS (SBN 276041)
LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk St, Suite # 350
San Mateo, Ca 94403
geoff@wiggslaw.com
Telephone: (650) 577-5952
Facsimile: (650) 577-5953

Attorney for Debtor In Possession
Dutchints Development LLC

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>Dutchints Development LLC,<br><br>Debtor. | Case No. 21-51255-MEH<br><br>Chapter 11<br><br>**OPPOSITION TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER CONVERTING DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7**<br><br>[DECLARATION OF VAHE TASHJIAN FILED CONCURRENTLY HEREWITH]<br><br><u>Hearing</u><br>Date:    January 13, 2022<br>Time:    10:00 a.m.<br>Place:    Telephone/Videoconference<br><br>Judge:   M. Elaine Hammond |

Dutchints Development LLC, a California Limited Liability Company, debtor and debtor in possession in the above captioned case (the "Debtor" or "Dutchints"), hereby submits its

1

---
**OPPOSITION TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER CONVERTING DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7**

opposition (the "Opposition") to the *Motion of The Official Committee of Unsecured Creditors for Order Converting Debtor's Chapter 11 Case to Chapter 7* [Dkt. No. 79] (the "Motion"), filed by The Official Committee of Unsecured Creditors ("Movant").

## I.

## INTRODUCTION

Debtor commenced the instant bankruptcy case under Chapter 11 by filing a Voluntary Petition on September 29, 2021. Movant mischaracterizes this case and the facts and issues that are intertwined. Movant for the most part argues events that diminish the value of the Debtor's estate but fails to specify actions that will most likely increase the value to the estate and satisfy creditors. Although the matter has only been pending for a couple of months, debtor has been in the process of negotiating with creditors, evaluating Debtor in Possession financing, and investigating a cause of action for a Breach of Contract violation of a Non Disclosure Agreement entered into between debtor and Prometheus Real Estate Group on or about February 28, 2020. Movant merely alleges that there is no reasonable likelihood that the Debtor will be rehabilitated, yet clearly specifies the assets of Debtor that include the $400,000.00 security deposit, counterclaims and legal claims for $600,000.00. Contrary to the representation of Movant, there are advantages for the Debtor to remain in Chapter 11 bankruptcy.

## II.

## ARGUMENT

### THERE IS NO CAUSE TO JUSTIFY CONVERSION

**A. Movant Has a Heavy Burden of Proof on the Motion**

Movant, as the moving party, bears the burden of proof with respect to a motion to dismiss or convert under Section 1112. "The burden to establish grounds for conversion or

2

**OPPOSITION TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER CONVERTING DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7**

Case: 21-51255    Doc# 87    Filed: 12/30/21    Entered: 12/30/21 20:54:03    Page 2 of 10

dismissal of a Chapter 11 case is on the party seeking conversion or dismissal under 11 U.S.C.A. § 1112(b)." Bankruptcy Evid. Manual § 301.99 (2019 ed.) (*citing In re Premier Golf Properties*, LP, 564 B.R. 710, 722 (Bankr. S.D. Cal. 2016) ("the movant bears the burden of establishing by a preponderance of the evidence that cause exists")). In deciding a motion under §1112(b), the movant bears a heavy burden in that any and all doubts are resolved in favor of the debtor:

> The burden is on a movant to prove by a preponderance of the evidence that cause to dismiss exists. In evaluating a §1112(b) motion to dismiss, *all doubts are to be resolved in favor of debtor*.

*In re Chris-Marine U.S.A., Inc.*, 262 B.R. 118, 124 (Bankr. M.D. Fla. 2001) (*emphasis added*).

Due to the harsh results of dismissal or conversion, many courts have characterized the movant's burden under Section 1112(b) as requiring a uniquely "strong" or "strongest" evidentiary showing. *In re Dark Horse Tavern*, 189 B.R. 576 (Bankr. N.D.N.Y. 1995),

> Conversion or dismissal of a Chapter 11 case is a drastic measure and the burden is on the movant to prove the relief requested is warranted and not premature. The harshness of conversion or dismissal mandates that it result only upon a *strong evidentiary showing*.

*Id.* at 580 (*emphasis added*).

As set forth below, conversion under section 1112(b) requires "cause" for dismissal to exist. As Movant bears the burden of proof, Movant must prove with a strong evidentiary showing that cause for conversion exists. Movant has not met and cannot meet its burden.

**B.  Movant Fails to Establish That Cause Exists to Convert the Case Pursuant to Section 1112(b) of the Bankruptcy Code**

Section 1112(b) of the Bankruptcy Code provides, in relevant part, that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause …." 11 U.S.C. § 1112(b)(1). Significantly, "[t]he

3

---
**OPPOSITION TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER CONVERTING DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7**
Case: 21-51255    Doc# 87    Filed: 12/30/21    Entered: 12/30/21 20:54:03    Page 3 of 10

statute provides for dismissal for cause, if it is in the best interest of the creditors and the estate." *Official Comm. v. Nucor Corp. (In re SGL Carbon Corp.)*, 200 F.3d 154, 159 (3d Cir. 1999).

This case was filed in good faith. The United States Court of Appeals for the Ninth Circuit has stated that "'[t]he existence of good faith depends on an amalgam of factors and not upon a specific fact.'" *Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 828 (9th Cir. 1994) (quoting *Idaho Dep't of Lands v. Arnold (In re Arnold)*, 806 F.2d 937, 939 (9th Cir. 1986)). The good-faith inquiry requires a bankruptcy court to ascertain "whether [the] debtor is attempting to unreasonably deter and harass creditors or attempting to effect a speedy, efficient reorganization on a feasible basis." *Id. (citing Arnold*, 806 F.2d at 939). In order to do so, the court should consider the totality of the circumstances when determining whether the debtor acted in bad faith. *Meadowbrook Inv'rs Grp. v. Thirtieth Place, Inc. (In re Thirtieth Place, Inc.)*, 30 B.R. 503, 505 (B.A.P. 9th Cir. 1983) (finding of bad faith "require[s] an examination of all the particular facts and circumstances in each case"). "A finding of bad faith requires both an objective showing of the futility of rehabilitation and a subjective showing of bad faith." *In re Boynton*, 184 B.R. 580, 583 (Bankr. S.D. Cal. 1995).

Although section 1112(b)(4) of the Bankruptcy Code sets forth a list of examples that may constitute cause, none is applicable here. Movant argues there is "cause" for conversion based on the following factors:

1. Cause Exists Because the Debtor Has Not Fulfilled its Fiduciary Obligations
2. Cause Exists Because the Case Has Not Progressed, Estate Assets Have Diminished and There is Not a Likelihood of Rehabilitation
3. Cause Exists Because There Has Been Unreasonable Delays That Are Prejudicial to Creditors

---

**OPPOSITION TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER CONVERTING DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7**

Case: 21-51255   Doc# 87   Filed: 12/30/21   Entered: 12/30/21 20:54:03   Page 4 of 10

4. Other Issues of Concern in the Case related to the possibility that Debtor may have failed to list assets on its Schedules and failed to truthfully respond to questions in the Statement of Financial Affairs.

Movant's argument and factors supporting "cause" are conclusory and intended to support this failed attempt to convert the case to a Chapter 7 bankruptcy.

C. **Debtor is in the process of complying with all filing and reporting requirements required under Chapter 11.**

Debtor appeared at the initial meeting of creditors. Numerous creditors appeared at the meeting and the responsible individual was questioned for over three (3) hours. The meeting was continued to a date on which the responsible individual, Mr.Tashian, was unavailable. Mr. Tashian is a single parent of his children. Mr. Tashian is the most knowledgeable individual regarding the operating of the debtor, but has a limited schedule. Mr. Tashian attended the recent meeting of creditors, but was required to leave early due to a family member's health emergency.

Debtor is not familiar with the requirements of the financial reporting involved in bankruptcy. Debtor is currently interviewing accountants to assist in preparation of the monthly operating reports and financial reporting. It is anticipated that an application for employment of one of said accountants will be filed prior to the conversion hearing. Thereafter, said reporting will be completed timely.

D. **This Matter has Progressed and There is a Likelihood of Success**

The Debtor does not lack viable assets to reorganize and is on the cusp of obtaining cash flow to fund a reorganization plan. Debtor anticipates the following steps to prepare a feasible plan and provide creditors more than what they would otherwise receive in liquidation.

1. Claim for the $400,000.00 security deposit held by lessor of the Bubb Road Property.

5

**OPPOSITION TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER CONVERTING DEBTOR'S CHAPTER 11 CASE TO A CHAPTER 7**

Case: 21-51255    Doc# 87    Filed: 12/30/21    Entered: 12/30/21 20:54:03    Page 5 of 10

2. Claim for $600,000 from the receiver involving the sale of 5150 El Camino Real, Los Altos, California.

3. Counterclaims in State Court belonging to Debtor.

4. Claim against Prometheus Real Estate Group, Inc., (hereinafter "Prometheus") for violation of a Non-Disclosure Agreement between Debtor and Prometheus.

5. Debtor in Possession Financing to support the completion of remaining projects resulting in substantial return to the creditors.

6. Debtor has settled with 8 outstanding creditors. Said settlement agreements will be filed for court approval prior to the upcoming conversion hearing. Debtor is also in discussion with another 9 creditors, pending settlement.

E. **The Claim against Prometheus is substantial and essential to the Debtor's Reorganization**

Debtor's Chapter 11 should not be converted to a case under Chapter 7 because Debtor is in the process of preparing its lawsuit against Prometheus for a clear and substantial violation of a Non-Disclosure Agreement between Debtor and Prometheus. The economic damages sought to be recovered in the Claim are quantifiable, and valued in an amount that would result in a significant recovery to Creditors. Briefly, the basis of the Claim is as follows.

In February of 2020, Debtor and Prometheus began discussions about entering into a financing agreement for a development project at 5150 El Camino Real, in Los Altos, California (hereinafter "Subject Property"). The Subject Property was owned 5150 ECR Group LLC, where Debtor is a member and a development plan for a multi-story, 196-unit high density mixed-use housing and commercial development for the site had been approved by the Los Altos City Council four months before, on or about October 22, 2019. With the project approved by the

6

OPPOSITION TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER CONVERTING DEBTOR'S CHAPTER 11 CASE TO A CHAPTER 7

Case: 21-51255    Doc# 87    Filed: 12/30/21    Entered: 12/30/21 20:54:03    Page 6 of 10

City Council, Debtor began seeking a financing partner to move the project forward into the development phase with a more favorable financing package.

To that end, discussions between Debtor and Prometheus centered on negotiating a mutually beneficial financing agreement for the project. In order to facilitate the open exchange of proprietary and confidential information in furtherance of these discussions, Debtor and Prometheus entered into a binding Non-Disclosure Agreement ("NDA" or "Agreement") on or about February 28, 2020. Among the terms of that Agreement were the following provisions:

> "2. Obligations of Non-Disclosing Party. The Non-Disclosing or Receiving Party shall: … (v) not use Confidential Information for its own benefit or permit the use of Confidential Information for the benefit of others, (vi) not use Confidential information to the detriment of Dutchints or permit others to use Confidential Information to the detriment of Dutchints…"

By the terms of the NDA, the Agreement would remain in full force and effect for at least two years from the date the parties entered into the Agreement (that is, until at least February 28, 2022). With the binding Agreement in place, Debtor made its proprietary and confidential information available to Prometheus, and the two parties entered negotiations over the terms of a proposed financing agreement. Ultimately, however, the two parties could not agree on the terms for the proposed financing agreement, and never entered into the proposed financing agreement. Nevertheless, despite the failure to reach a mutually beneficial financing agreement, the NDA remained in full force and effect.

Despite that binding NDA, in the spring of 2021, while the NDA was still in effect, Prometheus began a series of aggressively hostile actions to seize control and ownership of Debtor's property, each and every action of which involved a serious and substantial violation of the NDA. These hostile and aggressive actions to seize ownership of Debtor's property

7

**OPPOSITION TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER CONVERTING DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7**

Case: 21-51255    Doc# 87    Filed: 12/30/21    Entered: 12/30/21 20:54:03    Page 7 of 10

ultimately proved successful, and Debtor was substantially harmed by these actions, each and every action of which was rooted in and furthered by serious and substantial violations of the binding NDA.

As a result of these violations of the NDA, Debtor seeks to recover substantial economic and other Damages from third party Prometheus, as provided for in the terms of the NDA. Upon proof to be demonstrated at trial, such Damages would result in a significant recovery to Creditors, and far outweighs both Movant's alleged "diminution" of the Debtor's Estate, as well as Debtor's assets which Movant has openly, if reluctantly, acknowledged.

Contrary to Movant's allegations and mischaracterization of Debtor's prospects for reorganization in this case, the additional recovery to Creditors represented by Debtor's Claim against third party Prometheus would in reality be an enormous advantage to reorganization under Chapter 11, and "would most inure to the benefit of all parties in interest." *(See* H.R.Rep.No. 595, 95th Cong., 1st Sess. 380 (1977); S.Rep. No.989, 95th Cong., 2d Sess. 94 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5880, 6336. *Matter of Texas Extrusion Corp.*, 844 F.2d 1142, 1161 (5th Cir. 1988); *In re Graham*, 21 B.R. 235, 237 (Bankr.N.D.Iowa W.D. 1982)). Therefore, conversion of this case to Chapter 7 would not only not be mandated, it would not be in the best interest of the creditors and the Debtor's Estate.

### F. Delays to Creditors are Minimal and Not Prejudicial

The Chapter was filed a couple of months ago. The size of the estate warrants further review and accuracy. This matter was initially filed to prevent the foreclosure of real property located at 1226 Phyllis Avenue, Mountain View, California 94040 (hereinafter "Phyllis Property"). The Debtor was a large organization with numerous staff, which has dwindled to Mr. Tashian managing all aspects of the Debtor. The additional time required by the debtor, who is

8

OPPOSITION TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER CONVERTING DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7

Case: 21-51255    Doc# 87    Filed: 12/30/21    Entered: 12/30/21 20:54:03    Page 8 of 10

not familiar with bankruptcy proceedings, is minimal. As indicated above Debtor is in the process of retaining an accountant, obtaining Debtor In Possession financing, and resolving issues with current counsel or obtaining new counsel. An application to employ an accountant will be filed prior to the upcoming hearing on Movant's motion.

G. **Amendments to Schedules**

In that Mr. Tashian no longer has staff to support the organization, evaluating and ensuring the accuracy of documents and information takes additional time. Mr. Tashian is working with counsel to amend any required documents as needed.

H. **Conversion of this Case to Chapter 7 is not in the Best Interests of the Estate and Its Creditors.**

Section 1112(b) of the Bankruptcy Code requires that, regardless of whether cause exists to dismiss a case (which cause is absent here), a court may only dismiss the case if doing so is in the best interests of creditors and the estate. *See* 11 U.S.C. §1112(b). Thus, even where "cause" is shown, a court may deny a motion to dismiss or convert where such dismissal or conversion would not be in the best interests of creditors, the cause found by the Court can be cured, and there's a reasonable justification for such cause.

Movant has failed to satisfy its substantial burden of proving that the Debtor and its creditors' interests would be better served by the conversion of this case. There are numerous litigation actions in this matter. A Chapter 7 trustee would not want to spend the funds to litigate nor would he/she have the understanding of the pending disputes.

### III.

### CONCLUSION

Based on the foregoing, the Motion should be denied in its entirety.

9

**OPPOSITION TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER CONVERTING DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7**

| | | |
|---|---|---|
| 1 | Dated: December 30, 2021 | LAW OFFICES OF GEOFF WIGGS |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | /s/ GEOFFREY E. WIGGS |
| | | Geoffrey E. Wiggs Attorney |
| 6 | | for Debtor In Possession |
| | | Dutchints Development LLC |

10

**OPPOSITION TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER CONVERTING DEBTORS' CHAPTER 11 CASE TO CHAPTER 7**