Heinz Binder, Esq. (SBN 87908)
Wendy Watrous Smith (SBN 133887)
Binder & Malter, LLP
2775 Park Avenue
Santa Clara, CA 95050
T: (408) 295-1700
F: (408) 295-1531
Email: Heinz@bindermalter.com
Email: Wendy@bindermalter.com

Attorneys for Paul Harms, Johanna Fogl,
Catherine Hung and Tom Pare', Creditors

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>DUTCHINTS DEVELOPMENT, LLC,<br><br>Debtor. | Case No. 21-51255<br><br>Chapter 11<br><br>Date: January 13, 2022<br>Time: 10:00 a.m.<br>Place: Telephone/Videoconference<br><br>Judge: M. Elaine Hammond |

**CREDITORS PAUL HARMS, JOHANNA FOGL, CATHERINE HUNG AND TOM PARE'S REPLY TO DEBTOR'S OBJECTION TO COMMITTEE OF UNSECURED CREDITORS FOR ORDER CONVERTING DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7**

Creditors Paul Harms, Johanna Fogl, Catherine Hung and Tom Pare' (together, the "Creditors") joined in the motion brought by the Official Committee of Unsecured Creditors (the "Committee") to convert this case to one under Chapter 7 of the Bankruptcy Code (the "Motion").

The debtor, Dutchints Development, LLC, (the "Debtor") filed an objection to the Motion, but it fails to provide any substantive reason why, given the delay in the case and the Debtor's complete failure to comply with the most basic requirements of the bankruptcy process, the case should not be converted as requested.

///

///

1. The Debtor does not explain why the extensive assets described in the Motion were not either included in the schedules or described in the statement of financial affairs as having been transferred. Nor does the Debtor explain why the schedules have not been amended as has been repeatedly requested by the United States Trustee, or why basic reporting requirement have not been met. (Claims of being "unfamiliar" with the rules are unacceptable three months into a case.) The Debtor provides only a vague promise that they are in "the process" of being amended. The comment that the Debtor is "not familiar" with the rules provides no excuse. The Debtor has had three months to become compliant. Claims of ignorance do not provide an excuse.

In response to the Committee's accusation that the case has not proceeded, specifically, that there has been no debtor-in-possession financing identified, nor any accountant retained, the Debtor responds only that it is in the process of doing so. The Debtor also fails to identify any new counsel, stating only that it is "in the process" of resolving its disputes with current counsel or finding an alternative. As observed by the Motion, there also has been no action by the Debtor to retain special counsel in order to prosecute the lawsuits it claims as its assets. Finally, the Debtor's objection makes no mention of any effort to comply with the extensive requests for the United States trustee for documentation.

Finally, the declaration filed with the opposition suggests that the principal is settling claims "on behalf" of the Debtor and will seek approval, but there is no indication if it is the Debtor that is to pay, and if so, the source of the payment and whether it is to be done in the context of a plan. The Debtor has provided no evidence that it will be able to re-organize, or has any intent to comply with the requirements of the Bankruptcy Code.

The case should be converted.

Dated: January 6th, 2022              BINDER & MALTER, LLP

                                      By: */s/Wendy Watrous Smith*
                                          Wendy Watrous Smith

                                      Attorneys for Creditors

CREDITORS' REPLY TO OPPOSITION TO CONVERT TO CHAPTER 7                    PAGE 2