**MEYLAN DAVITT JAIN AREVIAN & KIM LLP**
VINCENT J. DAVITT (State Bar No. 130649)
ANITA JAIN (State Bar No. 192961)
TROY H. SLOME (State Bar No. 176582)
GRACE C. LEE (State Bar No. 293383)
444 South Flower Street, Suite 1850
Los Angeles, California 90071
Email: vdavitt@mdjalaw.com / ajain@mdjalaw.com
tslome@mdjalaw.com / glee@mdjalaw.com
Telephone: (213) 225-6000; Fax: (213) 225-6660

Attorneys for Interested Parties Eric Kutcher and Lauren Kutcher

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DUTCHINTS DEVELOPMENT LLC,<br><br>    Debtor. | Case No.: 21-BK-51255<br><br>Chapter 11<br><br>[Assigned to: Hon. M. Elaine Hammond]<br><br>**INTERESTED PARTIES ERIC KUTCHER AND LAUREN KUTCHER'S MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO NON-DEBTOR VAHE TASHJIAN**<br><br>PRELIMINARY HEARING:<br>DATE:    February 4, 2022<br>TIME:    10:00 a.m.<br>PLACE:  **Via Video/Teleconference[1]**<br>          280 South First Street<br>          Courtroom 11<br>          San Jose, California 95113 |

---

[1] Please see Judge Hammond's practices and procedures at www.canb.uscourts.gov for information on how to attend via video or teleconference.

1
MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO NON-DEBTOR TASHJIAN

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................5

II. STATEMENT OF FACTS ...................................................................................................5

    A. Factual Allegations in Support of Motion. ...............................................................5

    B. Procedural History. ...................................................................................................6

III. LEGAL ARGUMENT ..........................................................................................................7

    A. The Automatic Bankruptcy Stay Under 11 U.S.C Section 362(a) Protects Only the Debtor, Property of the Debtor, or Property of the Estate — Not a Non-Debtor. ......................................................................................................................7

        1. The Stay Does Not Extend to Tashjian Merely Because He Is a Co-Defendant in the State Court Action and Is Affiliated with Debtor Dutchints. ........................................................................................................8

        2. Allegations of Alter Ego Do Not Support Extension of the Automatic Stay. ..................................................................................................................9

        3. Debtor Dutchints Is Not an Indispensable Party in the State Court Action.................................................................................................................10

IV. CONCLUSION...................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*A.H. Robins Co., Inc. v. Piccinin*,
  788 F.2d 994 (4th Cir.1986) ...........................................................................................8

*In re Advanced Ribbons and Office Products, Inc.*,
  125 B.R. 259 (B.A.P. 9th Cir. 1991) ..............................................................................8

*Ahcom, Ltd. v. Smeding*,
  623 F.3d 1248 (9th Cir. 2010) ......................................................................................10

*In re All Seasons Resorts, Inc.*,
  79 B.R. 901 (Bankr. C.D. Cal. 1987) .............................................................................8

*In re Chugach Forest Products, Inc.*,
  23 F.3d 241 (9th Cir. 1994) ........................................................................................7, 8

*Dixie Aire Title Servs., Inc. v. SPW, L.L.C.*,
  389 B.R. 222 (W.D. Okla. 2008) ..................................................................................10

*Duval v. Gleason*,
  No. C-90-0242-DLJ, 1990 WL 261364 (N.D. Cal. Oct. 19, 1990) ................................8

*Matter of James Wilson Assocs.*,
  965 F.2d 160 (7th Cir. 1992) ........................................................................................11

*Marcus, Stowell & Beye Government Securities, Inc. v. Jefferson Investment Corp.*,
  797 F.2d 227 (5th Cir. 1986) ..........................................................................................7

*In re Miller*,
  262 B.R. 499 (B.A.P. 9th Cir. 2001) ..........................................................................7, 8

*Pavers & Rd. Builders Dist. Council Welfare Fund v. Core Contracting of N.Y., LLC*,
  536 B.R. 48 (E.D.N.Y. 2015) ...................................................................................9, 10

*Seiko Epson Corp. v. Nu-Kote International, Inc.*,
  190 F.3d 1360 (Fed. Cir. 1999) ......................................................................................7

*Teachers Ins. and Annuity Ass'n of America v. Butler*,
  803 F.2d 61 (2d Cir. 1986) .............................................................................................7

*United States v. Dos Cabezas Corp.*,
  995 F.2d 1486 (9th Cir. 1993) ........................................................................................8

**California Cases**

*Golden v. Anderson*,
    256 Cal.App.2d 714 (1967) ................................................................................................9

**Federal Statutes**

11 U.S.C.
    § 362..............................................................................................................................5, 7, 8

11 U.S.C
    § 362(a) ..............................................................................................................................7, 8

**Other Authorities**

March et al., *Cal. Practice Guide: Bankruptcy* (The Rutter Group 2021), Chapter
    8(I)-B, ¶ 8:100..........................................................................................................................8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Interested Parties Eric Kutcher and Lauren Kutcher ("**Interested Parties**" or the "**Kutchers**") respectfully submit this Motion for Relief from Automatic Stay as to Non-Debtor Vahe Tashjian ("**Respondent**" or "**Tashjian**") pursuant to 11 U.S.C. § 362. The Kutchers respectfully request that the automatic stay be lifted as to non-debtor Tashjian, and that they be allowed to proceed on their pending civil action against Tashjian in the case currently before the Superior Court of the State of California for the County of Santa Clara, entitled *Kutcher, et al. v. Javid, et al.*, Case No. 20CV369499 (the "**State Court Action**"). *See* Declaration of Anita Jain ("**Jain Decl.**"), Ex. A (8/14/20 State Court Action Complaint).

## II. STATEMENT OF FACTS

**A. Factual Allegations in Support of Motion.**

In July 2020, 24925 Oneonta Drive, LLC ("**Oneonta**") sold the real property located at 24925 Oneonta Drive, Los Altos Hills, California (the "**Property**") to the Kutchers, for $9.45 million, with a $1.3 million seller carryback loan from Oneonta. Jain Decl., Ex. A, ¶ 21. Oneonta's managing member was Dutchints Development, LLC ("**Dutchints**" or "**Debtor**"), the debtor in this bankruptcy action. *Id.*, Ex. B (Oneonta SOS Statement of Information). Tashjian is Dutchints' managing member. *Id.*, Ex. C (Dutchints SOS Statement of Information). Tashjian acted for Oneonta in all matters relating to the July 2020 sale of the Property to the Kutchers, and was the individual who signed Oneonta's Grant Deed to the Kutchers. *Id.*, Ex. A, ¶ 28, Ex. 7.

Tashjian, on behalf of Oneonta, made material misrepresentations and intentionally concealed material information to induce the Kutchers to purchase the Property. *Id.*, Ex. A, ¶¶ 39-43, 98-104. The extent of Tashjian's wrongdoing is still being uncovered through discovery in the State Court Action.

In November 2018, Tashjian, acting on behalf of Oneonta, had previously obtained a $2.7 million loan from Ahmad Javid and Safoora Javid, Trustees of the Javid Family Trust Dated June 24, 1981 (collectively, "**Javid**"), which was secured by a deed of trust against the Property ("**2018 Lien**"). At that time, Javid's Lien sat behind a senior loan/lien on the Property. *Id.* at ¶¶ 16-17. In

5

Case: 21-51255    Doc# 109    Filed: 01/21/22    Entered: 01/21/22 13:47:29    Page 5 of 11
MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO NON-DEBTOR TASHJIAN

2019, in coordination with escrow company Orange Coast Title Company ("**OCTC**"), Tashjian entered into a secret agreement with Javid to record a "temporary" reconveyance/release of Javid's 2018 Lien so that Tashjian/Oneonta could obtain a senior refinance loan at more favorable rates and other terms, with the intent of later re-recording a deed of trust on the Property once the senior refinance loan was secured. Pursuant to this secret agreement, Javid allowed a Full Reconveyance to be recorded ("**2019 Full Reconveyance**")—essentially, releasing/extinguishing Javid's 2018 lien against the Property. *See id.* at ¶¶ 31-33. On June 29, 2020, days before escrow on the Kutchers' purchase closed, Javid unilaterally recorded a Rescission of Reconveyance ("**Rescission**"), clouding the title to the Kutchers' Property. By its Rescission, Javid was purportedly trying to unilaterally rescind its own 2019 Full Reconveyance and revive the 2018 Lien. *Id.* at ¶¶ 37-38.

None of these facts were disclosed by Tashjian/Oneonta, Javid, or OCTC to potential encumbrancers or purchasers, at any time between 2018 and when the Kutchers purchased the Property. More specifically, none of these facts were disclosed by Tashjian/Oneonta. *Id.*, Ex. A, ¶¶ 98-104. In fact, discovery has shown that Tashjian was actually aware of the Rescission's recordation before escrow closed, but did not disclose its existence to the Kutchers. Instead, despite soliciting the $2.7 million loan from Javid, obtaining the "temporary" 2019 Full Reconveyance of the lien, knowing that Oneonta had failed to satisfy the purported $2.7 million, and then being aware of the Rescission, Tashjian intentionally concealed this information from Kutchers, so that they would be induced to pay $9,450,000 for the Property on July 10, 2020. Nevertheless, Tashjian affirmatively represented to the Kutchers that the Property was free and clear of all encumbrances other than the $1.3 million seller carryback loan from Oneonta.

**B. Procedural History.**

The Kutchers filed the State Court Action against Javid, Oneonta, Dutchints, and Tashjian on August 14, 2020 for numerous causes of action. Many of the causes of action are against Javid as to Javid's alleged lien interest, including quiet title, cancellation of the Rescission, and slander of title, while other causes of action are geared toward Oneonta, as the seller of the Property, for breach of contract and breach of implied covenants. In addition to these, however, the Kutchers have also alleged a cause of action for fraud against Tashjian in his individual capacity (as well as against

Oneonta and Dutchints). In light of discovery in the State Court Action, the Kutchers are also contemplating additional claims against Tashjian relating to these same events and transactions.

On September 29, 2021, Dutchints (alone) filed for bankruptcy. Notably, neither Oneonta nor Tashjian filed a bankruptcy petition. Further, the Property has *not* been claimed as part of Dutchints' estate, given that it was never owned by Dutchints, and it was sold by Oneonta to the Kutchers.

On October 1, 2021, counsel for Tashjian, Dutchints, and Oneonta filed a Notice of Stay of Proceedings "[w]ith regard to all parties." Jain Decl., Ex. D (10/1/21 Notice of Stay). On October 6, 2021, counsel for Tashjian, Dutchints, and Oneonta filed an *Amended* Notice of Stay, clarifying their position that the stay applied only to *Dutchints and Vahe Tashjian*. Jain Decl., Ex. E (10/6/21 Amended Notice of Stay). However, just as the automatic stay provisions of 11 U.S.C. § 362 do not apply to non-debtor Oneonta, they also do not apply to non-debtor Tashjian.

### III. LEGAL ARGUMENT

**A. The Automatic Bankruptcy Stay Under 11 U.S.C Section 362(a) Protects Only the Debtor, Property of the Debtor, or Property of the Estate — Not a Non-Debtor.**

With limited exceptions, the automatic stay arising in a bankruptcy case protects only the debtor, the property of the debtor, or property of the debtor's estate. 11 U.S.C. § 362(a); *In re Chugach Forest Products, Inc.*, 23 F.3d 241, 246 (9th Cir. 1994).

Importantly, bankruptcy of one defendant in a multidefendant case does not stay the case as to the remaining defendants. *See In re Miller*, 262 B.R. 499, 503-04 (B.A.P. 9th Cir. 2001); *see also Teachers Ins. and Annuity Ass'n of America v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); *Seiko Epson Corp. v. Nu-Kote International, Inc.*, 190 F.3d 1360, 1364 (Fed. Cir. 1999) ("It is clearly established that the automatic stay does not apply to non-bankrupt co-defendants of a debtor 'even if they are in a similar legal or factual nexus with the debtor.'"); *Marcus, Stowell & Beye Government Securities, Inc. v. Jefferson Investment Corp.*, 797 F.2d 227, 230 n. 4 (5th Cir. 1986) ("The well established rule is that an automatic stay of judicial proceedings against one defendant does not apply to proceedings against co-defendants.").

Moreover, section 362(a) does not stay actions again non-debtor co-defendants even if they are closely related or corporate affiliates of the debtor, other than in special or unusual circumstances. *See In re All Seasons Resorts, Inc.*, 79 B.R. 901, 904 (Bankr. C.D. Cal. 1987) (declining to extend stay, despite "closeness between debtor and co-defendants by reason of their officer and agent status and right to indemnification pursuant to debtor's by-laws"); March et al., *Cal. Practice Guide: Bankruptcy* (The Rutter Group 2021), Ch. 8(I)-B, ¶ 8:100 (bankruptcy stay "does *not* prohibit the debtor's creditors from taking actions against nondebtors (e.g., partners, guarantors, etc.), even where the nondebtors are closely related to the debtor"); *Chugach*, 23 F.3d at 246 (section 362(a) does not stay actions against non-debtor parties, including "corporate affiliates" who are liable on debtor's debts); *Miller*, 262 B.R. at 503-04 (section 362(a) "does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor"); *In re Advanced Ribbons and Office Products, Inc.*, 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991) (same); *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491-94 (9th Cir. 1993) (holding that creditor may sue non-bankrupt cosigners of a promissory note). The automatic stay has only been extended in limited special circumstances, such as when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Dos Cabezas Corp.*, 995 F.2d at 1491 (internal citations and quotations omitted).

As such, "where a non-debtor codefendant may be held independently liable of the debtor, then there is no compelling basis by which a court must extend the automatic stay provisions of § 362 to the non-debtor codefendants." *Duval v. Gleason*, No. C-90-0242-DLJ, 1990 WL 261364, at *4 (N.D. Cal. Oct. 19, 1990); *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986) ("'[W]here the debtor and another are joint tortfeasors or where the non-debtor's liability rests upon his own breach of duty,' an automatic stay 'would clearly not extend to such non-debtor.'").

**1. The Stay Does Not Extend to Tashjian Merely Because He Is a Co-Defendant in the State Court Action and Is Affiliated with Debtor Dutchints.**

Here, as the case law clearly sets forth, the mere fact that Tashjian is a co-defendant in the State Court Action and a manager of debtor Dutchints is insufficient for the stay to apply to him. An

affiliation, closeness, or legal and factual nexus between debtor and non-debtor does not warrant extension of the stay to protect a non-debtor absent special circumstances—no such special circumstances exist here. In other words, there is not such an identity between debtor Dutchints and non-debtor Tashjian that a judgment against Tashjian would be a judgment against Dutchints. Rather, Tashjian may be held independently liable based on ***his own conduct***, even if he was acting in his capacity as Dutchints' manager. *See, e.g.*, *Golden v. Anderson*, 256 Cal.App.2d 714, 719 (1967) (where intentional tort is committed, all persons who are shown to have participated are liable for the full amount of damages suffered; as such, conspiring corporate officials are liable in their individual capacity even if the corporation may also be liable). As such, Tashjian's own misrepresentations and fraudulent concealment of material facts subject him to individual liability, regardless of whether Dutchints may also be liable.

Moreover, the relationship between Tashjian and Dutchints is on the same level as the relationship between Dutchints and Oneonta. However, Dutchints and Tashjian do not dispute that the State Court Action may proceed against Oneonta. By the same token, then, the State Court Action should also be allowed to proceed against Tashjian, as there is no legal justification for treating Tashjian any differently than Oneonta. Both are one level removed from Dutchints. Although both are affiliated with debtor Dutchints, neither Oneonta nor Tashjian filed for bankruptcy, and neither are entitled to bankruptcy protection, a stay of proceeding, or any even arguable "discharge" of claims against them. Each can be held liable apart from the other.

### 2. Allegations of Alter Ego Do Not Support Extension of the Automatic Stay.

In the State Court Action, counsel for Tashjian has argued that the automatic stay should extend to Tashjian because the Kutchers have alleged them to be alter egos of each other. However, courts have declined to extend the automatic stay to non-debtors on the basis of alter ego allegations alone. Numerous cases have held that while an alter ego finding might make a debtor and non-debtor liable for each other's debts, it does not make them both "debtors under the Bankruptcy Code." *Pavers & Rd. Builders Dist. Council Welfare Fund v. Core Contracting of N.Y., LLC*, 536 B.R. 48, 51 (E.D.N.Y. 2015) (declining to extend stay to non-debtor based on alter ego claims, and explaining the automatic stay cannot be a provision that can only be applied with the "benefit of

hindsight" and made to depend on how a court rules on pending alter ego claims); *see also, e.g.*, *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1252 (9th Cir. 2010) ("Thus, we conclude that California law does not recognize an alter ego claim or cause of action that will allow a corporation and its shareholders to be treated as alter egos for purposes of all the corporation's debts."). Rather, "[i]f the non-debtor entity wants that protection, it need only file its own petition." *Pavers*, 536 B.R. at 51.

In declining to extend the stay based on alter ego allegations, another court explained that a debtor is still protected even when an alter ego non-debtor is found to be liable:

> Moreover, all claims and cross-claims against [debtor] are stayed, regardless of the theory of liability upon which the claims are based. As long as the stay remains in place, there is no possibility of a judgment being entered in this action that expressly imposes any type of liability on [debtor]. If there is any lingering concern about a judgment against either of the movants being construed as a judgment against the debtor, any judgment resulting from this action can simply state that it does not adjudicate, and should not be construed as adjudicating, any matters or claims against [debtor].

*Dixie Aire Title Servs., Inc. v. SPW, L.L.C.*, 389 B.R. 222, 225 (W.D. Okla. 2008) (declining to expand the automatic stay to non-debtor co-defendants regardless of alter ego allegations).

Here, the alter ego allegations in the State Court Complaint do not support extending the stay to Tashjian. As discussed above, the Kutchers' Complaint is not limited to or even dependent on the alter ego allegations. Rather, the Complaint alleges that non-debtor Tashjian has independent liability based on his own fraud, separate and apart from any liability Dutchints may have. Moreover, a judgment against Tashjian would not result in any immediate adverse consequences for Dutchints, because Tashjian's liability would not be automatically imposed on Dutchints absent a *separate* finding of alter ego liability. As any action against Dutchints is stayed (and the Kutchers are not currently seeking relief from stay as to Dutchints), there can be no such finding of alter ego liability as to Dutchints. As such, holding Tashjian liable would not in and of itself affect Debtor, Debtor's assets or Debtor's estate. Thus, Tashjian's argument that the stay must be extended in light of the alter ego allegations misses the point—Tashjian may be individually liable, regardless of any alter ego liability Dutchints may have.

3.    **Debtor Dutchints Is Not an Indispensable Party in the State Court Action.**

Tashjian's attorney also erroneously argued in the State Court Action that the stay should

extend to Tashjian because he is not only the managing member of Dutchints, but also an indispensable party to the bankruptcy proceedings. This argument reflects a fundamental misunderstanding of the automatic stay and the rationale behind the stay. The question is not whether Tashjian is an indispensable party to the bankruptcy proceedings, but whether **Dutchints**, *the Debtor*, is indispensable to the State Court Action. *Matter of James Wilson Assocs.*, 965 F.2d 160, 170 (7th Cir. 1992) ("The thinking here is that if the debtor is an indispensable party, protected by the stay from involvement in the litigation, the litigation cannot proceed in his absence and there must be stayed as against the third party [] as well."). Thus, whether Tashjian is an indispensable party to the bankruptcy proceeding does not affect whether he can participate in the State Court Action. Based on the above discussion, Dutchints is clearly not an indispensable party, as the Kutchers' claims seek to hold each tortfeasor liable for their own wrongdoings, including Javid, Oneonta, and Tashjian.

### IV. CONCLUSION

The Kutchers thus respectfully request that the Court grant their Motion for Relief from Stay as to Non-Debtor Tashjian and allow the Kutchers to proceed on their claims against Tashjian individually as well as in his capacity as an agent of Oneonta in the State Court Action.

DATED: January 21, 2022          MEYLAN DAVITT JAIN AREVIAN & KIM LLP

By: /s/ Troy H. Slome
    Troy H. Slome
    Attorneys for Interested Parties
    Eric Kutcher and Lauren Kutcher