MARTA E. VILLACORTA (NY SBN 4918280)
Assistant United States Trustee
ELVINA ROFAEL (SBN 333919)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
280 South First St., Suite 268
San Jose, CA 95113
Telephone: (408) 535-5525
Facsimile: (408) 535-5532
Email: Elvina.Rofael@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>DUTCHINTS DEVELOPMENT LLC,<br><br>Debtor. | Case No. 21-51255-MEH<br><br>Chapter 11<br><br>Date: February 10, 2022<br>Time: 10:00 a.m.<br>Place: Hearing to be conducted by Tele/Videoconference<br><br>Judge: Hon. M. Elaine Hammond |

**STATEMENT IN FURTHER SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION TO APPOINT CHAPTER 11 TRUSTEE UNDER 11 U.S.C. § 1104(a) OR, IN THE ALTERNATIVE, TO CONVERT CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b), AND RESPONSE TO DEBTOR'S NOTICE OF INTENT (ECF NO. 115)**

Tracy Hope Davis, the United States Trustee for Region 17 (the "United States Trustee"), by and through her undersigned counsel, hereby files this statement in further support of the United States Trustee's motion to appoint a chapter 11 trustee under 11 U.S.C. § 1104(a) or, in the alternative, to convert this case to chapter 7 pursuant to 11 U.S.C. § 1112(b), and in response to the Debtor's document entitled "notice of intent" (the "Notice of Intent"). ECF No. 115.

**INTRODUCTION**

The Court should grant the United States Trustee's Motion because the United States Trustee has established cause for the relief requested and no timely opposition to the Motion has been filed. *See* Docket. The Court should reject the Debtor's Notice of Intent for three reasons: (i) the Notice of Intent is procedurally defective and the Debtor provides no legal support for

1

unilaterally extending deadlines to file pleadings without Court approval; (ii) the deadline for the Debtor to oppose the United States Trustee's Motion expired on January 27, 2022; and (iii) the Debtor cannot unilaterally extend the deadline to file a response where the Bankruptcy Local Rule expressly requires Court approval.

**STATEMENT IN FURTHER SUPPORT OF THE MOTION**

I. The United States Trustee's Motion Should be Granted.

By her motion, the United States Trustee seeks a Court order directing the appointment of a chapter 11 trustee for debtor Dutchints Development, LLC (the "Debtor") or, in the alternative, to convert the case to chapter 7 (the "Motion"), because the Debtor's ongoing efforts to further its own interest at the expense of creditors jeopardizes any realistic prospects of successfully reorganizing.[1] ECF No. 95. Oppositions to the Motion were due on January 27, 2022, pursuant to Bankruptcy Local Rule 9014-1(c)(1) (the "Opposition Deadline"), and any reply is due February 3, 2022. *Id*.

As set forth in the United States Trustee's Motion and Bankruptcy Local Rule 9014-1(c)(1), the deadline to file any opposition is fourteen (14) days before the scheduled hearing, or, in this case, January 27, 2022. ECF Nos. 95 and 96. Furthermore, the notice of hearing for the United States Trustee's Motion (the "Notice of Hearing") states that if "there is not a timely opposition to the motion, the court may enter an order granting the requested relief by default." *Id*.

As of this filing, no opposition has been filed to the United States Trustee's Motion. *See* Docket. Instead, after the expiration of the Opposition Deadline, the Debtor filed the Notice of Intent, informing the Court and the parties that it intends to file an opposition seven (7) days before the scheduled hearing (or February 3, 2022), the same day the United States Trustee's reply is due. ECF No 115.

Because the United States Trustee has established "cause" for an order directing the appointment of a chapter 11 trustee or, in the alternative, to convert the case to chapter 7 pursuant, and because no opposition has been timely filed, the United States Trustee's Motion should be granted.

---

[1] The Motion is joined by (1) creditors Paul Harms, Johanna Fogl, Catherine Hung, and Tom Pare (ECF No. 103); (2) the Committee (ECF No. 105); and (3) interested party 5150 ECR Los Altos, LLC (ECF No. 114).

## II. The Debtor's Notice of Intent Should be Rejected.

### a. The Debtor's Notice of Intent is Procedurally Improper and Fails to Make a Single Request for the Court to Consider.

The Debtor failed to file a motion for an extension of time to object to the United States Trustee's Motion; rather, the Debtor filed a Notice of Intent to Object *after* the Opposition Deadline. ECF No. 115. This is not elevating form over substance. Simply put, the Debtor's Notice of Intent is procedurally defective because it does not include a single request for the Court to consider and act on. *See Head Start Family Educ. Program, Inc. v. Coop. Educ. Serv. Agency 11*, 46 F.3d 629, 635 (7th Cir. 1995) (The "court has no duty to research and construct legal arguments available to a party" with respect to "arguments . . . raised in a short conclusory paragraph which contains no substantive argument, legal citations, or references to the record."). Because the Debtor has not presented a procedurally proper motion and fails to make a single request for the Court to consider, the Court should reject the Notice of Intent and find that the Debtor's time to respond to the United States Trustee's Motion has expired.

### b. The Debtor's Notice of Intent Fails to Provide Arguments or any Legal Authority for the Assertion that the Opposition Deadline is Seven Days Before the Scheduled Hearing and Misinterprets Bankruptcy Local Rule 9014-1(c).

The Debtor failed to comply with the terms of the Notice of Hearing on the United States Trustee's Motion requiring parties to file any oppositions by January 27, 2022, pursuant to Bankruptcy Local Rule 9014-1(c)(1), and any reply papers by February 3, 2022. *Id*.

The Debtor's delayed Notice of Intent is improper and fails to provide any grounds or legal authority for its statement regarding the appropriate scheduling deadlines in a motion to convert or appoint a trustee. *See In re Mason*, 386 B.R. 715 (Bankr. N.D. Ill 2008) ("[p]erfunctory and undeveloped arguments and arguments that are unsupported by pertinent authority are waived."). The Debtor incorrectly interprets Bankruptcy Local Rule 9014-1(c) because the United States Trustee's Motion seeks relief in the form of the appointment of a chapter 11 trustee or conversion of this bankruptcy case against the Debtor – an identified, named entity – and the Debtor provides no argument to counter this fact. *See* ECF Nos. 95 and 115.

On January 28, 2022, one day after their opposition was due, the Debtor filed a document entitled "Notice of Intent," informing the Court and the parties that it intends to file an opposition

to the United States Trustee's Motion seven days before the scheduled hearing pursuant to Bankruptcy Local Rule 9014-1(c)(2). *Id*. The Debtor's Notice of Intent is based only on a short statement that the Debtor intends to oppose the United States Trustee's Motion seven days before the scheduled hearing because, according to the Debtor:

> A motion to convert or appoint a trustee is to seek relief generally, and not against an identified, named entity and thereby opposition to the requested relief shall be filed and served on the initiating party no less than seven days before the actual scheduled hearing date.

Because the Debtor provides no legal authority to support deviation from Bankruptcy Local Rule 9014-1(c), the Court should reject the Debtor's argument.

**c. Through the Debtor's Notice of Intent, the Debtor Seeks to Unilaterally Extend the Deadlines Set forth In the Motion In Contravention of the Bankruptcy Local Rules and Without Court Approval.**

The Debtor's Notice of Intent does not request Court authority file an opposition seven days before the hearing date. *See* ECF No. 115. It is not an opposition to the United States Trustee's Motion. On its face, the Debtor's pleading states the Debtor intends to oppose the United States Trustee's Motion. The Court should not condone the Debtor's blatant disregard of the Notice and Hearing requirements set forth in the Bankruptcy Local Rules. *Id*.

Specifically, Bankruptcy Local Rule 9006-1(a) provides, in relevant part:

> [A]pproval of the Court is required to enlarge or to shorten time to perform any act or to file any paper pursuant to the Federal Rules of Civil Procedure, the Bankruptcy Rules, or these Bankruptcy Local Rules.

In this case, the Debtor has not sought Court approval to enlarge the time to file an opposition to the United States Trustee's Motion. Consequently, the Notice of Intent should be rejected.

**CONCLUSION**

Based upon the foregoing, the United States Trustee request that this Court enter an order (1) granting the Motion; (2) rejecting the Debtor's Notice of Intent; and (3) for such other and further relief as is just and appropriate. The United States Trustee reserves the right to formally respond to any opposition filed.

Dated: February 2, 2022

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: /s/ Elvina Rofael
   Elvina Rofael
   Trial Attorney