1 | Leonard M. Shulman - Bar No. 126349
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
2 | 100 Spectrum Center Drive, Suite 600
Irvine, California 92618
3 | Telephone: (949) 340-3400
Facsimile: (949) 340-3000
4 | Email: LShulman@shulmanbastian.com

5 | Attorneys for The Official Committee of
Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>**DUTCHINTS DEVELOPMENT LLC,**<br><br>Debtor. | Case No. 21-51255<br><br>Chapter 11<br><br>**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DISQUALIFY DEBTOR'S COUNSEL FROM FURTHER REPRESENTATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[DECLARATION OF LEONARD M. SHULMAN FILED CONCURRENTLY HEREWITH]**<br><br>Hearing<br>Date: March 3, 2022<br>Time: 10:00 a.m.<br>Place: Telephone/Videoconference<br><br>Judge: M. Elaine Hammond |

**TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTOR AND ITS COUNSEL AND ALL INTERESTED PARTIES:**

The Official Committee of Unsecured Creditors (the "Committee") for the bankruptcy estate (the "Estate") of Dutchints Development LLC (the "Debtor"), the debtor and debtor in possession herein, files this Motion for an order disqualifying Debtor's counsel from further representing the Debtor (the "Motion"). In support of the Motion, the Committee respectfully represents as follows:

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Case: 21-51255   Doc# 117   Filed: 02/02/22   Entered: 02/02/22 14:57:46   Page 1 of 5

## I. INTRODUCTION

Through the Motion, the Committee requests the disqualification of the law firm of Macdonald Fernandez LLP (the "Firm"), and all attorneys employed by or associated with that firm, from assisting or representing as general counsel for the Debtor.

The Firm's current representation of the Debtor constitutes a clear conflict of interest due to the Firm not being a disinterested party as required by the Bankruptcy Code. Specifically, the Firm received a $25,000 retainer and personal guaranty from the Debtor's Responsible Individual, Vahe Tashjian.

As set forth below, the Committee believes the interests of the creditors and the Estate are best served if the Court grants this motion to disqualify.

## II. RELEVANT FACTUAL BACKGROUND

### A. Commencement of the Bankruptcy Case and Appointment of the Committee

The Debtor commenced the instant bankruptcy case under chapter 11 by filing a Voluntary Petition on September 29, 2021.

On or about November 22, 2021, the Office of the United States Trustee appointed the following unsecured creditors to be members of the Committee for the above-captioned case: 1)The Sabet Revocable Family Trust, 2) Paul Harms and 3)Verse Two Properties, LLC. On December 20, 2021, the UST filed an Amended Notice of Appointment, adding the following two members to the Committee: 4) Fred Kurland and 5) Cathy Ettenger.

Upon the Debtor's Application, and pursuant to Court Order entered October 25, 2021 (docket number 35), the Application was approved and Vahe Tashjian was appointed as the Debtor's Responsible Individual. Mr. Tashjian has continued to serve in that capacity since his appointment.

### B. Employment of Counsel

On December 10, 2021, counsel for the Debtor, Law Offices of Geoff Wiggs, filed its *Motion to Withdraw as Counsel* ("Withdraw Motion"). The January 13, 2022 hearing on the Withdraw Motion was taken off calendar based on the Substitution of Attorney filed by the Debtor on January 11, 2022 (docket number 91).

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Case: 21-51255    Doc# 117    Filed: 02/02/22    Entered: 02/02/22 14:57:46    Page 2 of 5

2

On January 12, 2022, the Debtor filed a *Motion to Employ Macdonald Fernandez as General Counsel* (docket number 92) ("Motion to Employ") to which the Firm filed a *Declaration of Support* (docket number 92-1) ("Declaration of Support") on the same day.

On January 20, 2022, the Court issued an *Order Authorizing Employment of Macdonald Fernandez* (docket number 108) which granted the Motion to Employ and authorized the Debtor to employ the Firm as Debtor's counsel.

C. **Relationship Between Debtor and Debtor's Counsel**

Both the Motion to Employ and Declaration of Support state, in relevant part, that the Firm is a "disinterested person" within the meaning of 11 U.S.C. § 101(14) and as required by 11 U.S.C. § 327(a).

On January 18, the Committee filed *Comments of the Official Committee of Unsecured Creditors to the Debtor's Application for Appointment of Macdonald Fernandez LLP as Attorneys for Debtor-In-Possession* which stated in part, "The Committee has no objection to the employment of Macdonald Fernandez LLP as the Debtor's general counsel. However, the Committee requests that the Firm disclose the genesis of the $25,000 retainer that it received from the Debtor's principal, Vahe Tashjian, and whether the proceeds are a loan or gift to the estate".

In response, the Firm filed *Response to Comments of Official Committee* (docket number 107) which stated, in relevant part, that "Mr. Tashjian has guaranteed payment of the fees of Debtor's counsel and has a claim for reimbursement to the extent Macdonald Fernandez LLP receives payment from the estate for fees paid by the retainer".

III. **ARGUMENT**

A. **Macdonald Fernandez LLP Should Not Have Been Employed By the Debtor as the Firm Is Constructively A Creditor of the Debtor.**

Bankruptcy Code Section 327(a) provides in part as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys… that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Case: 21-51255    Doc# 117    Filed: 02/02/22    Entered: 02/02/22 14:57:46    Page 3 of 5

3

Bankruptcy Code Section 101(14)(A) provides:

> The term "disinterested person" means a person that –
>
> (A) is not a creditor, an equity security holder, or an insider;

The Firm should be disqualified as a creditor under Bankruptcy Code Section 101(14)(A) and Section 327(a). The term "creditor" means an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor". 11 U.S.C. § 101(10)(A). While the Firm is not a direct creditor of the Debtor as that term is defined under Bankruptcy Code Section 101(10)(A), the Firm is a direct creditor of the Debtor's Responsible Individual vis-à-vis the "Personal Guarantee" within the Firm's Legal Services Agreement attached to the Declaration of Support. Because the Debtor's Responsible Individual is the representative that the Firm will be working with in regards to the Estate, the Firm is constructively a creditor to the Debtor and should be disqualified from acting as general counsel to the Debtor under Bankruptcy Code Section 327(a).

**B.** **The Firm Is Not a Disinterested Person as Defined by Bankruptcy Code Section 101(14)(C)**

If not as a creditor of the Debtor, the Firm should still be disqualified as general counsel under Bankruptcy Code Section 327(a). Bankruptcy Code Section 101(14)(C) provides:

> The term "disinterested person" means a person that –
>
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor for any other reason.

An "interest materially adverse to the interests of the estate" may be defined as "(1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant, or (2) to possess a predisposition under circumstances that render such a bias against the estate". In re Metro. Envtl., Inc., 293 B.R. 871, 883 (Bankr. N.D. Ohio 2003). An attorney who represents a debtor owes duties to the debtor, and not to the debtor's insiders. Id. However, "given human nature, it is also clear that an attorney's loyalty to their client may be strained if the attorney's fees do not come from the client, but instead come from a third-party". Id. Therefore, when the insiders of a debtor

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Case: 21-51255   Doc# 117   Filed: 02/02/22   Entered: 02/02/22 14:57:46   Page 4 of 5

4

guaranty the fees and expenses of the debtor's legal counsel, "a significant potential exists in which counsel would be unable to represent the debtor pursuant to the 'disinterestedness' and 'interests materially adverse standards of Sec. 327(a)." Id.

This significant potential for conflict exists in the instant bankruptcy case. The Firm received a personal guaranty from Mr. Tashjian, managing director and insider of the Debtor. Because of this guaranty, the Firm's ability to be disinterested and avoid conflicts of interest is materially impaired. For example, the Firm may be influenced in their dealings with unsecured creditors, whom also hold guaranties from Mr. Tashjian, due to the Firm being a member of that class themselves.

Because of this conflict of interest, the Firm is not a disinterested person as required by Sec. 327(a) and should be disqualified from further representation of the Debtor.

## IV. CONCLUSION

Based on the foregoing facts and arguments, because counsel for the Debtor is not a disinterested party as required by Bankruptcy Code Sec. 327(a), the Committee respectfully requests that this Motion be granted and for such further relief as the court deems just and proper.

Respectfully submitted,

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

DATED: February 2, 2022      By:      /s/ Leonard M. Shulman
                                   Leonard M. Shulman
                                   Counsel for the Official Committee of Unsecured Creditors