Monique D. Jewett-Brewster (State Bar No. 217792)
mjb@hopkinscarley.com
Chancellor W. Tseng (State Bar No. 322236)
ctseng@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:     (408) 998-4790

Attorneys for Seller and Third Parties in Interest
John H. Bellicitti, as Trustee; Mary F. Driggs, as
Trustee; Robert J. Bellicitti, as Trustee; and Harry L.
Bellicitti, Jr., as Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>DUTCHINTS DEVELOPMENT LLC,<br><br>Debtor. | Case No. 21-51255 MEH<br><br>Chapter 11<br><br>**MOTION OF SELLER AND THIRD PARTIES IN INTEREST THE BELLICITTIS FOR COMFORT ORDER OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>R.S. No. MJB-1<br><br>Date: March 4, 2022<br>Time: 10:00 a.m.<br>Place: Courtroom 11<br>Judge: Hon. M. Elaine Hammond |

Seller and Third Parties in Interest John H. Bellicitti, as Trustee of the John and Monica Bellicitti 2015 Revocable Trust under Trust Agreement dated July 9, 2015, as amended, FBO John H. Bellicitti as his sole and separate property, and as Trustee of the Harry L. Bellicitti

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

MOTION OF SELLER AND THIRD PARTIES IN INTEREST THE BELLICITTIS FOR COMFORT ORDER OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM STAY; MEMORANDUM OF POINTS AND AUTHORITIES

Case: 21-51255    Doc# 121    Filed: 02/09/22    Entered: 02/09/22 16:26:14    Page 1 of 8

Exempt Trust under Trust Agreement dated April 16, 1997, as amended FBO John H. Bellicitti ("John"); Mary F. Driggs, as Trustee of the Mary F. Driggs 2012 Separate Property Trust under Trust Agreement dated July 17, 2012, as amended, and as Trustee of the Harry L. Bellicitti Exempt Trust under Trust Agreement dated April 16, 1997, as amended, FBO Mary F. Driggs ("Mary"); Robert J. Bellicitti, as Trustee of the Bellicitti 2015 Revocable Trust under Trust Agreement dated July 9, 2015, as amended, FBO Robert J. Bellicitti, as his sole and separate property, and as Trustee of the Harry L. Bellicitti Exempt Trust under Trust Agreement dated April 16, 1997 as amended FBO Robert J. Bellicitti ("Robert"); and Harry L. Bellicitti, Jr., as Trustee of The Harry and Carol Ann Bellicitti 2015 Revocable Trust under Trust Agreement dated July 8, 2015, as amended, FBO Harry L. Bellicitti, Jr. as his sole and separate property, and as Trustee of the Harry L. Bellicitti Exempt Trust under Trust Agreement dated April 16, 1997, as amended, FBO Harry L. Bellicitti, Jr. ("Harry") (collectively, the "Bellicittis") hereby move for an order affirming that the automatic stay imposed in this case by 11 U.S.C. section 362(a) does not prohibit the exercise of their rights and remedies under an agreement by and between the Bellicittis, as Seller, and debtor Dutchints Development LLC ("Debtor"), to sell their Saratoga real property for development. Alternatively, the Bellicittis request that the Court grant immediate relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), and waive the 14-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3). In support thereof, the Bellicittis respectfully represent as follows:

I.    **FACTUAL BACKGROUND**

    A.    **The Debtor Seeks Bankruptcy Relief under Chapter 11**

        1.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 362.

        2.    On or about September 29, 2021 (the "Petition Date"), the above-captioned Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is currently acting as a Debtor in Possession in this bankruptcy case. Vahe Tashjian has been appointed as the Debtor's Responsible Individual. (Dkt. No. 35).

        3.    On or about November 22, 2021, the Office of the United States Trustee appointed

- 2 -

MOTION OF SELLER AND THIRD PARTIES IN INTEREST THE BELLICITTIS FOR COMFORT ORDER OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM STAY; MEMORANDUM OF POINTS AND AUTHORITIES

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

Case: 21-51255    Doc# 121    Filed: 02/09/22    Entered: 02/09/22 16:26:14    Page 2 of 8

the Official Committee of Unsecured Creditors ("Committee") in this case. (Dkt. No. 63).

4. On or about January 11, 2022, the Office of the United States Trustee filed its Motion to Appoint Chapter 11 Trustee under 11 U.S.C. § 1104(a), or, in the Alternative, to Convert Case to Chapter 7 Pursuant to 11 U.S.C. § 1112(b) ("Motion to Convert") (Dkt. No. 95). Several parties in interest joined in the Motion to Convert, including the Committee. (See e.g., Dkt. Nos. 103, 105, 114).

5. On or about February 4, 2022, the Debtor filed its Statement of Non-Opposition to the Motion to Convert. Therein, the Debtor requests conversion to Chapter 7 "because there is no ongoing business" to reorganize in Chapter 11. (Dkt. No. 120).

**B. Two Years Prior to the Petition Date, Debtor Assigns All Right, Title and Interest in the Bellicittis' Purchase and Sale Agreement to a Separate Legal Entity**

6. The Bellicittis are the owners of real property located at 18500 and 18520 Marshall Lane, Saratoga, California ("Property"). (See Declaration of Daniel S. Gonzales ["Gonzales Decl."] filed concurrently herewith, at ¶ 2).

7. On or about October 18, 2018, the Bellicittis, as Seller, and Debtor, as Buyer, entered into a written Agreement for Purchase and Sale and Joint Escrow Instructions, as amended (the "Agreement") for the sale of the Property. (Gonzales Decl., ¶ 3, Exh. A). The Agreement contemplates that Buyer would obtain all entitlements necessary and appropriate for its intended subdivision of the Property into a project consisting of six to nine 1-acre parcel single family residences. (*Id.*)

8. On or about May 1, 2019, Debtor, as Assignor, and 18500 Marshall Ln LLC, as Assignee, entered into a written Assignment of Agreement for Purchase and Sale and Joint Escrow Instructions (the "Assignment"). (Gonzales Decl., ¶ 6, Exh. B). Pursuant to the Assignment, the Debtor expressly assigned, transferred and conveyed "all of Assignor's right, title and interest in, to and under the Purchase Agreement" to Assignee. (*Id.*, Exh. B, § 1).

9. Debtor does not disclose any interest in the Agreement in its schedules. (See Dkt. No. 39).

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

**C. The Bellicittis Seek a Comfort Order to Mitigate Their Damages Arising from the Non-Debtor Assignee's Breach of the Agreement**

10. On or about November 2, 2021, the Bellicittis' real estate counsel Daniel S. Gonzales, Esq., sent an e-mail to Vahe Tashjian to advise that the Bellicittis were "ready, willing and able to complete the performance of all of its remaining obligations for the Close of Escrow under the [Agreement], including without limitation the delivery and recordation of the Grant Deed;" and demanding that Buyer "complete the performance of all of its obligations for the Close of Escrow under the [Agreement], including without limitation the payment of the Purchase Price, no later than November 17, 2021[.]" (Gonzales Decl., ¶ 7, Exh. C).

11. On or about December 3, 2021, Mr. Gonzales sent an e-mail to Mr. Tashjian declaring Buyer to be in default of the Agreement and demanding the escrow holder's payment of the deposit to the Bellicittis based on such default, in accordance with Seller's liquidated damages remedy set forth in the Agreement. (Gonzales Decl., ¶ 8, Exh. D).

12. On December 6, 2021, Mr. Tashjian sent an e-mail to Mr. Gonzales, wherein he noted that "if [the] transaction [contemplated by the Agreement] is in fact affected by the Chapter 11 filing of Dutchints Development LLC, then there is an automatic stay imposed that freezes the transaction." Mr. Tashjian further opined that "[a]ny action in violation of the automatic stay would require a court order." (Gonzales Decl., ¶ 9, Exh. E).

13. On February 1, 2022, Mr. Gonzales sent an e-mail to Mr. Tashjian advising of the Bellicittis' intention to seek confirmation from the bankruptcy court that the automatic stay in Debtor's chapter 11 case does not prohibit Seller's pursuit of all available remedies under the Agreement for Buyer's default, including to terminate the Agreement. (Gonzales Decl., ¶ 10, Exh. F).

14. On February 8, 2022, Mr. Tashjian sent an e-mail to Mr. Gonzales, wherein he now maintains that Debtor has no claim in the project contemplated by the Agreement. (Gonzales Decl., ¶ 11, Exh. G).

///

///

- 4 -

MOTION OF SELLER AND THIRD PARTIES IN INTEREST THE BELLICITTIS FOR COMFORT ORDER OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM STAY; MEMORANDUM OF POINTS AND AUTHORITIES

Case: 21-51255    Doc# 121    Filed: 02/09/22    Entered: 02/09/22 16:26:14    Page 4 of 8

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

## II. ARGUMENT

The Bellicittis move for a "comfort order" affirming that the automatic stay in Debtor's case does not bar them from exercising their rights and remedies under the Agreement and applicable law. Alternatively, the Bellicittis move for immediate relief from the automatic stay pursuant to both 11 U.S.C. § 362(d)(1) and (2).

### A. The Court Should Enter a Comfort Order because the Agreement is Not Property of Debtor's Bankruptcy Estate

As a threshold consideration, the Court should enter the requested comfort order because the Debtor holds no interest in the subject Agreement. While broad in scope, section 541 of the Bankruptcy Code does not expand a debtor's rights in property over what existed as of the date of filing. See 11 U.S.C. § 541(a)(1) (defining the estate to include the "interests of the debtor in property" (emphasis added); see also *In re Gendreau*, 122 F. 3d 815, 819 (9th Cir. 1997) (filing bankruptcy cannot give a debtor a greater interest in an asset than that which he owned pre-bankruptcy). The determination of what property interests are included in the bankruptcy estate is made by reference to state law. *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Under well-settled California law, if assignable, a vendee (or buyer) may assign its interest in a purchase contract. On assignment, the vendee's assignee steps into the shoes of the vendee and must comply with the provisions of the contract in order to enforce it against the vendor. See generally Cal. Civ. Code § 1457; see also *Sunset Oil Co. v. Marshall Oil Co.*, 47 Cal. App. 2d 716, 719 (4th Dist. 1941) (where a vendee claims an interest in real property under a purchase and sale contract, the burden is upon him to prove that he has complied with its terms and that its rights thereunder have not terminated).

Here, the Debtor assigned all of its right, title, and interest in and to the Agreement to Assignee more than two years pre-petition. (Gonzales Decl., Exh. B). Even if the Assignee had any right to enforce the Agreement (and the Bellicittis assert it does not), the Debtor retains no interest under the Agreement which could comprise property of its bankruptcy estate. Debtor itself does not claim to hold any legal or equitable interest in the Agreement as demonstrated by its omission of the Agreement from its schedules. (See Dkt. No. 39). The Court should issue a

- 5 -

MOTION OF SELLER AND THIRD PARTIES IN INTEREST THE BELLICITTIS FOR COMFORT ORDER OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM STAY; MEMORANDUM OF POINTS AND AUTHORITIES

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

Case: 21-51255    Doc# 121    Filed: 02/09/22    Entered: 02/09/22 16:26:14    Page 5 of 8

comfort order affirming that Debtor's automatic stay is not applicable to the Agreement on this ground alone.

### B. The Court Should Enter a Comfort Order because the Non-Debtor Assignee is Not Entitled to the Protection of the Automatic Stay Arising in Debtor's Bankruptcy Case

The Court should enter a comfort order for the additional reason that the automatic stay in Debtor's case does not protect the non-debtor Assignee. "As a general rule, the automatic stay protects only the debtor, property of the debtor or property of the estate." *Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009) (citations omitted). "The stay 'does not protect non-debtor parties or their property. Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor." *Id.* (citing *Chugach Forest Prods., Inc. v. Northern Stevedoring Handling Corp.*, 23 F.3d 241, 246 (9th Cir. 1994)). Similarly, the automatic stay does not protect the property of parties other than the debtor. *Advanced Ribbons and Office Prods., Inc. v. U.S. Interstate Distrib., Inc.*, 125 B.R. 259, 263 (9th Cir. BAP 1991).

In the instant case, Assignee is not entitled to the protection of the automatic stay arising in Debtor's bankruptcy case. Nor has Debtor alleged any unusual circumstances which would allow the non-debtor Assignee to benefit from the protections of the automatic stay in this case. Accordingly, the Court should enter an order affirming that the stay in Debtor's case does not bar the Bellicittis from exercising their rights and remedies under the Agreement against the Assignee.

### C. Alternatively, "Cause" Exists to Grant Relief From the Automatic Stay Pursuant to Bankruptcy Code § 362(d)(1)

If the Court is not inclined to enter a comfort order, "cause" exists to grant the Bellicittis relief from the automatic stay under Bankruptcy Code section 362(d)(1). 11 U.S.C. § 362(d)(1) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section ... for cause, including the lack of adequate protection of an interest in property of such party in interest." *Id.* "Cause," for modification of automatic stay, is an intentionally broad and flexible concept that permits the

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

MOTION OF SELLER AND THIRD PARTIES IN INTEREST THE BELLICITTIS FOR COMFORT ORDER OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM STAY; MEMORANDUM OF POINTS AND AUTHORITIES

Case: 21-51255   Doc# 121   Filed: 02/09/22   Entered: 02/09/22 16:26:14   Page 6 of 8

bankruptcy court, as a court of equity, to respond to inherently fact-sensitive situations. *In re Texas State Optical, Inc.*, 188 B.R. 552 (Bankr. E.D.Tex. 1995). The party seeking relief must establish a prima facie case that cause exists for relief. *In re Plumberex Specialty Prods., Inc.*, 311 B.R. 551, 557 (Bankr. C.D. Cal. 2004); *In re Duvar Apt., Inc.*, 205 B.R. 196, 200 (9th Cir. BAP 1996). Once established, the burden shifts to the debtor to show that stay relief is unwarranted. *Id.*

In the instant case, Debtor transferred any "right, title and interest in and to" the Agreement to Assignee pre-petition. (Gonzales Decl., Exh. B, § 1). Thus, the Bellicittis have established prima facie that the Property did not become property of Debtor's bankruptcy estate under 11 U.S.C. § 541 on the Petition Date. Since the Property is not property of the estate, it is not subject to the automatic stay. Therefore, the Court has ample "cause" for lifting the automatic stay under § 362(d)(1) in order to enable the Bellicittis to mitigate their damages under the Agreement. Debtor simply cannot justify why stay relief is unwarranted on these facts. This is even more the case where Debtor's Responsible Individual now maintains that Debtor has no claim in the project. (Gonzales Decl., ¶ 11, Exh. G).

### D. The Court Should Grant Relief From the Automatic Stay Pursuant to Bankruptcy Code § 362(d)(2) because the Debtor Has No Ongoing Business to Reorganize

The Court also should grant relief from stay pursuant to section 362(d)(2) of the Bankruptcy Code because the Agreement is not necessary for Debtor's effective reorganization. Relief from the automatic stay may be granted if the debtor has no equity in its property; and where such property is not necessary to an "effective organization". 11 U.S.C. § 362(d)(2). In other words, there must be "a reasonable possibility of a successful reorganization within a reasonable time." *In re Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 376 (1988) (citation and internal quotation marks omitted). The burden is on Debtor to make that showing. 11 U.S.C. § 362(g).

Here, the plain and clear language of the Assignment establishes that the Debtor retained no interest in the Agreement as of the Petition Date. (Gonzales Decl., Exh. B, § 1). In addition, the Debtor has conceded that it has no prospects for an effective reorganization and requests that

- 7 -

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

MOTION OF SELLER AND THIRD PARTIES IN INTEREST THE BELLICITTIS FOR COMFORT ORDER OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM STAY; MEMORANDUM OF POINTS AND AUTHORITIES

Case: 21-51255    Doc# 121    Filed: 02/09/22    Entered: 02/09/22 16:26:14    Page 7 of 8

the Court convert the case to one under Chapter 7. (See Dkt. 120). On these facts, the Bellicittis are entitled to relief from the automatic stay pursuant to section 362(d)(2), as well.

### III. CONCLUSION

Because the Debtor assigned its interest in the Agreement to a separate legal entity prior to filing for bankruptcy, it had no interest in the Agreement as of the Petition Date which could become property of its bankruptcy estate. As the Agreement is not subject to the automatic stay arising in Debtor's case, the Court should enter a comfort order affirming this fact accordingly. Alternatively, relief from the automatic stay is warranted under section 362(d)(1) and (d)(2) because Debtor has no legal or equitable interest in the Agreement. And as the Debtor concedes, the Agreement is not necessary to an effective reorganization because there is no reasonable prospect of rehabilitation here.

Dated: February 9, 2022

HOPKINS & CARLEY
A Law Corporation

By: */s/ Monique D. Jewett-Brewster*
Monique D. Jewett-Brewster
Attorneys for Seller and Third Parties in Interest John H. Bellicitti, as Trustee; Mary F. Driggs, as Trustee; Robert J. Bellicitti, as Trustee; and Harry L. Bellicitti, Jr., as Trustee

4871-7372-8012.2

- 8 -
MOTION OF SELLER AND THIRD PARTIES IN INTEREST THE BELLICITTIS FOR COMFORT ORDER OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM STAY; MEMORANDUM OF POINTS AND AUTHORITIES

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

Case: 21-51255   Doc# 121   Filed: 02/09/22   Entered: 02/09/22 16:26:14   Page 8 of 8