# EXHIBIT G

| From: | Vahe Tashjian |
|---|---|
| To: | Daniel Gonzales |
| Cc: | TWoest@firstam.com; Paul Monaco; Rocendo Reyes; Bedford, Joanne (JoanneBedford@firstam.com); Gabriel Gregg - Rimon (gabriel.gregg@rimonlaw.com); Monique D. Jewett-Brewster |
| Subject: | Re: 18500 and 18520 Marshall Lane--Notice of seller"s declaration of buyer"s breach and reservation of right to exercise remedies |
| Date: | Tuesday, February 8, 2022 8:43:11 PM |

Mr Gonzales,

Please see my response to your points below.

1. My action of filing Chapter 11 for Dutchints Development LLC is irrelevant to this transaction. I maintain that Dutchiots Development LLC has no claim in this project. In addition, my BK counsel, as well as my independent counsel agree with my position. Lastly, per our call yesterday, you informed me that your independent counsel also agrees with our position. Therefore, it is only FATCO's position that they cannot insure this transaction due to the Chapter 11 filed by Dutchinst Development LLC which is something that I have no control over.

2. It is only because of FATCO's position that requires me to assign this project into an entity managed by someone other than myself. This is the triggering event that requires seller consent. I want to add that I personally am not in bankruptcy and therefore I find it unreasonable to require an assignment into an entity not managed by myself. Again, this is something completely out of my control.

Considering the above, I maintain that the buyer is not in default under the terms of the purchase agreement and subsequent amendments. It is the buyer's intent to move escrow to a mutually acceptable title comanopy which will insure the transaction, and fulfill the closing obligations under the PSA and amendments as soon as possible.

I look forward to working with you to quickly get this transaction back on track and move towards a close.