| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | MICHAEL A. SWEET (SBN 184345)<br>msweet@foxrothschild.com<br>JACK PRAETZELLIS (SBN 267765)<br>jpraetzellis@foxrothschild.com<br>**FOX ROTHSCHILD LLP**<br>345 California Street, Suite 2200<br>San Francisco, California 94104<br>Telephone:   (415) 364-5540<br>Facsimile:    (415) 391-4436<br><br>Attorneys for Kari Bowyer,<br>Interim Chapter 7 Trustee |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re:<br><br>DUTCHINTS DEVELOPMENT LLC,<br><br>　　　　　　　　Debtor. | Case No. 21-51255-MEH<br><br>Chapter 7<br><br>**INTERIM TRUSTEE'S OPPOSITION TO MOTION OF SELLER AND THIRD PARTIES IN INTEREST THE BELLICITTIS FOR COMFORT ORDER OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date: April 7, 2022<br>Time: 2:30 p.m.<br>Location: Courtroom 11<br><br>The Honorable M. Elaine Hammond,<br>United States Bankruptcy Judge |
|---|---|

Kari Bowyer, (the "Trustee") is the duly appointed, qualified and acting Interim Chapter 7 Trustee herein and submits the following Opposition to Motion of Seller and Third Parties in Interest the Bellicittis for Comfort Order, etc. (the "Opposition"), and in support thereof represents as follows:

**Background**

1.　　This case was commenced on September 29, 2021 (the "Petition Date") by the filing of a voluntary petition by Dutchints Development LLC (the "Debtor") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. The case was converted to a Chapter 7 proceeding on February 11, 2022.

3. The Trustee was appointed on February 11, 2022. [Doc# 128.]

**The Trustee Has Not Had An Opportunity To Investigate The Debtor's Financial Affairs**

4. The 341(a) Meeting of Creditors was originally scheduled for March 10, 2022. At that meeting, certain creditors indicated that they intended to vote to elect a trustee. The 341(a) Meeting was postponed and continued to March 25, 2022. On March 25, 2022, the Office of United States Trustee ("UST") presided over a trustee election pursuant to Bankruptcy Code § 702. To date, the UST has not issued any report relating to that election and the Trustee remains interim trustee.

5. Thus, notwithstanding the Trustee's ostensible February appointment, the Trustee has not had an opportunity to conduct a 341(a) Meeting of Creditors. The Trustee has not had an opportunity to examine the Debtor's responsible person. Furthermore, the Trustee has not received all of the records requested from the Debtor and anticipates that she may need to file a turnover motion.

**The Purchase Sale Agreement And Debtor's Claim To Deposits**

6. The Estate has an interest in the Purchase and Sale Agreement (the "PSA") attached to the Bellicittis' Motion. [Doc# 123-1.] Although the Motion does not mention it, the PSA recites that significant deposits were made with an escrow company by the Debtor (the "Escrow"). [Doc# 123-1 at § 2.1.1.] Beyond the amounts listed in the PSA, the Trustee has been told that the total amount on deposit with the Escrow in connection with the PSA is approximately $830,000.

7. Although the Trustee has only had a brief period of time to investigate, under numerous contractual and legal theories, the Estate is entitled to return of the funds on deposit with the Escrow.

**The Assignment**

8. The Assignment purportedly assigns the PSA from the Debtor to a Debtor-subsidiary.[1] [Doc#123-2.] The Bellicittis have not told the Trustee when, or from where, they received the Assignment purportedly transferring the PSA to a Debtor-subsidiary. At this point, the Trustee has no reason to believe the Assignment is not a fraudulent transfer post-dating the filing of the Petition.

9. In addition, although the Assignment is dated May 1, 2019, the PSA includes numerous

---

[1] The Debtor's 2020 Tax Returns state that the Debtor wholly owns the assignee.

132724024.2

amendments – signed by the Debtor – that post-date the Assignment by years. [*See*, *e.g.*, Doc# 123-1 at 83 (Seventh Amendment to PSA signed by the Debtor dated nearly two years after the alleged Assignment).] The Assignment is, in a word, unreliable.

**Potential Non-Deposit Contract Claims**

10. The Debtor's personal representative has asserted the Debtor did not default under the PSA. [Doc# 123-5.] If the Debtor is not in default and the Bellicittis terminate the PSA, or otherwise breach the PSA, the Estate may have claims against them.

**Relief**

11. The Trustee seeks to preserve all of the Estate's rights and remedies with respect to recovery of the deposit. The Trustee further seeks to preserve all claims that exist or may exist against the Bellicittis.

12. So long as the Trustee can preserve the Estate's claims – without waiver or negative impact to the claims – the Trustee will consent to the Bankruptcy Court granting the Bellicittis relief from the automatic stay. In light of the questionable nature of the Assignment, and the potential negative impact on the Estate's claims to the deposit and potential contract claims, a determination that the PSA is not property of the estate (i.e., a comfort order) would be premature and detrimental to the Estate.

Dated: April 6, 2022.

Respectfully Submitted,
**FOX ROTHSCHILD LLP**

*/s/Jack Praetzellis*
Michael A. Sweet
Jack Praetzellis
Attorneys for Interim Chapter 7 Trustee for the Bankruptcy Estate of Dutchints Development LLC