1  MICHAEL A. SWEET (SBN 184345)
   msweet@foxrothschild.com
2  JACK PRAETZELLIS (SBN 267765)
   jpraetzellis@foxrothschild.com
3  EDWARD J. TREDINNICK (SBN 84033)
   etredinnick@foxrothschild.com
4  **FOX ROTHSCHILD LLP**
   345 California Street, Suite 2200
5  San Francisco, California 94104
   Telephone:    (415) 364-5540
6  Facsimile:    (415) 391-4436

7  Attorneys for Richard Marshack, Chapter 7 Trustee

8                UNITED STATES BANKRUPTCY COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11 In re:                              Case No. 21-51255-MEH

12 DUTCHINTS DEVELOPMENT LLC,          Chapter 7

13                                     **APPLICATION FOR ENTRY OF:**
              Debtor.                  **(I) ORDER COMPELLING**
14                                     **EXAMINATION AND AUTHORIZING**
                                       **APPREHENSION OF VAHE TASHJIAN**
15                                     **IN FURTHERANCE THEREOF,**
                                       **PURSUANT TO FEDERAL RULE OF**
16                                     **BANKRUPTCY PROCEDURE 2005; AND**
                                       **(II) ORDER TO SHOW CAUSE RE**
17                                     **CONTEMPT FOR FAILURE TO TURN**
                                       **OVER RECORDS AND ATTEND**
18                                     **MEETINGS OF CREDITORS;**
                                       **DECLARATION OF RICHARD**
19                                     **MARSHACK IN SUPPORT THEREOF**

20                                     [No Hearing Required]

21

22

23

24

25

26

27

28

134148180.3

Richard Marshack (the "Trustee"), the chapter 7 trustee in the above-referenced bankruptcy case (the "Bankruptcy Case") of Dutchints Development, LLC (the "Debtor"), filed under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"),[1] hereby submits this application (the "Application") for entry of an order substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (the "Proposed Orders"): (i) compelling the Debtor's representative, Vahe Tashjian ("Mr. Tashjian"), pursuant to Rule 2005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) to attend a continued meeting of creditors as the Debtor's person most knowledgeable (the "Examination") on such date to be noticed by the Trustee, and (b) authorizing the United States Marshals Service to take Mr. Tashjian into custody to effectuate the foregoing; and, (ii) requiring the Debtor and Mr. Tashjian to show cause why they should not be held in contempt for noncompliance with the the Court's *Order Granting Interim Trustee's Ex Parte Motion to Compel Turnover and Compliance with 11 U.S.C. § 521* [Docket No. 165] (the "Turnover Order") and repeated failure to appear at three previous § 341(a) meetings of creditors. In support of this Application, the Trustee refers to the accompanying *Declaration of Richard Marshack* (the "Marshack Declaration") and respectfully states as follows:

## I.

## FACTUAL BACKGROUND

### A.  General Background

On September 29, 2021, the Debtor filed a voluntary petition [Docket No. 1] (the "Petition") for relief under chapter 11 of the Bankruptcy Code. On December 20, 2021, the Office of the United States Trustee appointed [Docket No. 83] an official committee of unsecured creditors (the "Committee").

On February 11, 2022, the Court entered an order [Docket No. 127] converting the Bankruptcy Case to a case under chapter 7 of the Bankruptcy Code. On Aprl 28, 2022, the Court entered an order [Docket No. 183] confirming the Trustee as the permanent chapter 7 trustee in this Bankruptcy Case.

---

[1] Unless otherwise set forth herein, all references to "Section" and "§" are to a section of the Bankruptcy Code.

134148180.3

**B.      The Debtor Repeatedly Admitted That Mr. Tashjian Is the Debtor's Sole Responsible Individual.**

The Debtor has repeatedly asserted in sworn filings before this Court that Mr. Tashjian is the Debtor's responsible individual.  Mr. Tashjian initially signed the Petition in his capacity as the Debtor's "Managing Director."  *See* Petition, at 5.  Mr. Tashjian later signed further bankruptcy disclosures on behalf of the Debtor in the same capacity.  *See, e.g.*, Docket Nos. 39 (Schedules and SOFA), 66 (Amended Schedules), 147 (Amended Schedules).  The Debtor's *Statement of Financial Affairs* [Docket No. 39] (the "SOFA") similarly identifies Mr. Tashjian as the 100% membership interest holder in the Debtor through two separate entities described as: (i) "T Fund LLC % Vahe Tashjian" (a 0.01% membership interest holder); and (ii) "Vahe S. Tashjian 2018 Living Trust Attn: Vahe S. Tashjian, Trustee" (a 99.99% membership interest holder).  *See* SOFA, at ECF p. 30 (List of Equity Security Holders); *see also* Docket No. 66, at ECF p. 16 (amended list of equity security holders reflecting the same); *id.*, at ECF p. 17 (corporate ownership statement).

Moreover, on October 25, 2021, the Debtor filed the *Application to Approve Designation of Responsible Individual Pursuant to B.L.R. 4002-1* [Docket No. 34] (the "Responsible Invidual Application").  As set forth more fully in the Responsible Individual Application, the Debtor proposed to appoint Mr. Tashjian, in his capacity as the Debtor's managing member, "as the natural person to be responsible for the duties and obligations of the Debtor."  Responsible Indiv. Appl. at 1.  On October 25, 2021, the Court entered the order [Docket No. 35] ("Responsible Invidual Order") approving the application and appointing Mr. Tashjian as the Debtor's responsible individual.

**C.      Mr. Tashjian Did Not Produce A Single Record by the Deadline Set Forth in the Turnover Order and Informed Debtor's Counsel That He Does Not Intend to Comply With the Turnover Order.**

On April 13, 2022, Kari Bowyer, in her capacity as interim chapter 7 trustee of the Bankruptcy Case (the "Interim Trustee"), filed the *Interim Trustee's Ex Parte Motion to Compel Turnover and Compliance with 11 U.S.C. § 521* [Docket No. 162] (the "Turnover Motion").  As set forth more fully in the Turnover Motion, the Interim Trustee represented that "the Debtor currently has in its possession certain financial and other business records of the Debtor" subject to turnover, pursuant to § 521 (the

-3-

"Records"). On April 15, 2022, the Court entered the Turnover Order, which, among other things, granted the Turnover Motion, ordered Mr. Tashjian to produce the Records to the Interim Trustee, and required that turnover of the Records occur not later than April 29, 2022. *See* Turnover Order at 2-3.

On May 2, 2022, the Debtor's counsel filed the *Declaration of Counsel re Status Of Compliance With Order Granting Interim Trustees Ex Parte Motion to Compel Turnover* [Docket No.185] (the "Turnover Declaration"). As set forth in the Turnover Declaration, "[o]n April 12, Mr. Tashjian advised [counsel] that he will not be providing anything further at this time" in response to the Turnover Order and that "[n]o documents or further information has been provided by Mr. Tashjian to date" responsive to the Turnover Order. Turnover Decl., ¶¶ 5, 7. As of the date of this Application, the Trustee has not received any of the Records that Mr. Tashjian was ordered to produce not later than April 29, 2022. *See* Marshack Decl., ¶ 4.

**D.** **Mr. Tashjian Has Failed to Appear on Behalf of the Debtor at Three Recent Continued § 341(a) Meetings of Creditors.**

On September 29, 2021, the Court entered the *Order and Notice of Chapter 11 Status Conference* [Docket No. 6] (the "Chapter 11 Order"). As set forth more fully in the Chapter 11 Order, the Court ordered that, among other things, the "failure of the debtor(s) to appear at the § 341(a) meeting of creditors . . . may result in a monetary sanction, the appointment of a Chapter 11 trustee, or the dismissal or conversion of this case ***without further notice or hearing***." Chapter 11 Order at 2 (emphasis added). On February 11, 2022, following the conversion of the Bankruptcy Case to chapter 7, the Court issued the *Notice of Chapter 7 Bankruptcy Case – Proof of Claim Deadline Set* [Docket No. 128], which provides, among other things, that "Debtors must attend the meeting [of creditors] to be questioned under oath." Docket No. 18 at 2. Nevertheless, Mr. Tashjian has failed to appear on behalf of the Debtor at three recent § 341(a) meetings of creditors. Since the conversion of the Bankruptcy Case to chapter 7, Mr. Tashjian has failed to appear at continued meetings of creditors on April 26, 2022, May 12, 2022, and May 16, 2022. *See* Docket No. 188 (reflecting the absences of the Debtor and Mr. Tashjian and continuing § 341(a) meetings); Apr. 26, 2022 Docket Entry (same); *see also* Marshack Decl., ¶ 3.

134148180.3

## II.

## ARGUMENT

**A.** **The Court Should Enter an Order Compelling Mr. Tashjian to Attend the Examination and Authorizing His Apprehension for Such Purpose, Pursuant to Bankruptcy Rule 2005.**

Bankruptcy Rule 2005(a) provides as follows:

> On motion of any party in interest supported by an affidavit alleging (1) that the examination of the debtor is necessary for the proper administration of the estate and that there is reasonable cause to believe that the debtor is about to leave or has left the debtor's residence or principal place of business to avoid examination, or (2) that the debtor has evaded service of a subpoena or of an order to attend for examination, or (3) that the debtor has willfully disobeyed a subpoena or order to attend for examination, duly served, the court may issue to the marshal, or some other officer authorized by law, an order directing the officer to bring the debtor before the court without unnecessary delay. If, after hearing, the court finds the allegations to be true, the court shall thereupon cause the debtor to be examined forthwith. If necessary, the court shall fix conditions for further examination and for the debtor's obedience to all orders made in reference thereto.

FED. R. BANKR. P. 2005(a).[2] Bankruptcy Rule 2005 applies to a debtor's failure to attend a meeting of creditors. *See, e.g.*, *In re Skandis*, 621 B.R. 218, 226-227 (Bankr. W.D. Mich. 2020); 11 U.S.C. § 343 (referring to the meeting of creditors as an "examination" and providing that "[t]he debtor shall appear and submit to examination under oath at the meeting of creditors").

The facts of the Bankruptcy Case easily support entry of an order under Bankruptcy Rule 2005. As set forth more fully in the record of the Bankruptcy Case and the Marshack Declaration, Mr. Tashjian is the Debtor's sole individual representative. *See* Marshack Decl., ¶ 3; SOFA, at ECF p. 30; Docket No. 66, at ECF p. 16; *id.*, at ECF p. 17. As such, his participation at the meetings of creditors ordered by the Court and mandated, pursuant to § 343, is necessary to the administration of the

---

[2] Bankruptcy Rule 2005 only requires a motion for imposition of apprehension sanctions. Bankruptcy Rule 9014 (which also governs contempt) provides that the Debtor and Mr. Tashjian are entitled to "reasonable notice and opportunity for hearing," but no hearing is required. Accordingly, the Trustee submits that relief requested under Bankruptcy Rule 2005 may be sought by Application without the need for a hearing. In the alternative, as set forth below, the Trustee submits that the issuance of an order to show cause, and any hearing thereon, prior to imposition of contempt sanctions will provide sufficient notice.

-5-

Debtor's estate because no other individual possesses information concerning the Debtor's assets and liabilities. *See id.* Further, there is reasonable cause to believe that Mr. Tashjian has intentionally avoided examination in light of his stated intention to ignore related discovery ordered in the Turnover Order, as set forth more fully in the Turnover Declaration. *See* Turnover Decl., ¶¶ 5, 7. Moreover, Mr. Tashjian as willfully disobeyed the Court's Chapter 11 Order by failing to attend at least three § 341(a) creditors meetings. *See* Chapter 11 Order at 2, Turnover Order at 2-3, Turnover Decl., ¶¶ 5, 7. *See* Marshack Decl., ¶ 4. Accordingly, cause exists to enter an order, pursuant to Bankruptcy Rule 2005(a)(1) and (3), directing the United States Marshal Service to apprehend Mr. Tashjian and compel Mr. Tashjian to attend a continued § 341(a) meeting of creditors.

**B.** **Alternatively, the Court Should Enter an Order to Show Cause Why Mr. Tashjian Should Not Be Held in Contempt for Violating the Turnover Order and Failing to Attend Meetings of Creditors.**

The Court has inherent authority to compel compliance with its own orders following a finding of civil contempt. Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code and may take "any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent abuse of process." 11 U.S.C. § 105(a). The Court's inherent authority under § 105(a) includes authority to order the remedy of civil contempt. *See In re Dyer*, 322 F.3d 1178, 1189-1190 (9th Cir. 2003) ("Although civil contempt sanctions under § 105(a) has a checked past in our circuit, the recent precedent makes clear that this remedy is available."). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002). Upon satisfying the movant's initial burden, "[t]he burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id.* The Bankruptcy Rules do not add further to the contempt requirements—Bankruptcy Rule 9020 provides only that contempt proceedings must comply with the notice and hearing requirements set forth in Bankruptcy Rule 9014. *See* FED. R. BANKR. P. 9020.

134148180.3

The Trustee easily satisfies his burden to demonstrate that issuance of an order to show cause concerning contempt (and contempt sanctions themselves) is proper. As set forth above, Mr. Tashjian has failed to appear at three successive meetings of creditors. *See* Docket No. 188; Apr. 26, 2022 Docket Entry; *see also* Marshack Decl., ¶ 3. Mr. Tashjian had ample notice of his obligations to participate in the meeting of creditors—the Court ordered the Debtor's participate in in the Chapter 11 Order and provided notice of the Debtor's continued obligation to do so following conversion, *see* Docket No. 128. Further, Mr. Tashjian undertook the responsibility to serve as the Debtor's responsible person and was ordered to serve in that capacity "to be responsible for the dutieis of the Debtor," including the statutory duty to appear for § 341(a) examinations. *See* Responsible Individual Order at 2; *see also* 11 U.S.C. § 343. Moreover, Mr. Tashjian was present for the March 25, 2022 meeting of creditors, at which the Interim Trustee continued the meeting of creditors to April 26, 2022. *See* Mar. 25, 2022 Docket Entry. Accordingly, his repeated absences from April 26, 2022 to date are repeated violations of the specific and definite provisions of the Court's Chapter 11 Order and Responsible Invidivual Order, as well as his statutory obligation under § 343.

Mr. Tashjian has also violated the specific and definite provisions of the Turnover Order. Mr. Tashjian has not turned over to the Trustee a single Record as of the date of this Application, notwithstanding the specific provisions of the Turnover Order requiring that he turn over *all* Records not later than April 29, 2022. *See* Marshack Decl., ¶ 4; Turnover Order at 2-3. Worse yet, Mr. Tashjian informed Debtor's counsel that he does not intend to comply with the Turnover Order despite his specific knowledge of its provisions. *See* Turnover Decl., ¶¶ 5, 7. Accordingly, the Court should issue an order to show cause why Mr. Tashjian should not be held in contempt and subject to monetary and incarceration sanctions to compel his compliance with the meetings of creditors and the terms of the Turnover Order.

### III.

### <u>CONCLUSION</u>

Baased on the foregoing, the Trustee respectfully requests that the Court enter the Proposed Orders: (i) granting the Application; (ii) compelling the Debtor's representative, Vahe Tashjian ("<u>Mr. Tashjian</u>"), pursuant to Rule 2005 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u>

134148180.3

Rules"), (a) to attend the Examination on such date to be noticed by the Trustee, and (b) directing the United States Marshals Service to take Mr. Tashjian into custody to effectuate the foregoing; (iii) requiring the Debtor and Mr. Tashjian to show cause why they should not be held in contempt for noncompliance with the Turnover Order and failure to appear at two previous § 341(a) meetings of creditors; and (iv) granting the Trustee such other and further relief as is just and appropriate under the circumstances.

Dated: May 23, 2022.

Respectfully Submitted,

**FOX ROTHSCHILD LLP**

*/s/ Edward Tredinnick*
By:  Edward J. Tredinnick,
Attorneys for Trustee Richard Marshak,
Chapter 7 Trustee

134148180.3

# DECLARATION OF RICHARD MARSHACK

I, Richard Marshack, declare as follows:

1.     I am the duly appointed chapter 7 trustee in the above-captioned bankruptcy case (the "Bankruptcy Case") filed by Dutchints Development, LLC (the "Debtor"), currently pending under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").[3] I make this declaration in support of the concurrently-filed *Application for Entry of: (I) Order Compelling Examination and Authorizing Apprehension of Vahe Tashjian in Furtherance Thereof, Pursuant to Federal Rule of Bankruptcy Procedure 2005; and (II) Order to Show Cause re Contempt for Failure to Turn Over Records and Attend Meeting of Creditors* (the "Application")[4] and for all other purposes authorized by law.

2.     Except as otherwise indicated herein, this Declaration is based upon my personal knowledge. I am over the age of 18 and am mentally competent. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

3.     Based on my review of the Docket in the Bankrutpcy Case, Mr. Tashjian is the Debtor's sole individual representative. As such, his participation at the meetings of creditors ordered by the Court and mandated, pursuant to § 343, is necessary to the administration of the Debtor's estate because no other individual possesses information concerning the Debtor's assets and liabilities. However, since the conversion of the Bankruptcy Case to chapter 7, Mr. Tashjian has failed to appear at continued meetings of creditors on April 26, 2022, May 12, 2022, and May 16, 2022.

4.     On April 15, 2022, I understand that the Court entered the Turnover Order, which, among other things, granted the Turnover Motion, ordered Mr. Tashjian to produce the Records to the Interim Trustee (now to me in my capacity as permanent Trustee), and required that turnover of the Records occur not later than April 29, 2022. As of the date of this Application, I have not received any of the Records that Mr. Tashjian was ordered to produce in the Turnover Order by April 29, 2022.

---

[3] Unless otherwise set forth herein, all references to "Section" and "§" are to a section of the Bankruptcy Code.

[4] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Application.

134148180.3

Case: 21-51255    Doc# 201    Filed: 05/23/22    Entered: 05/23/22 13:14:17    Page 9 of 10

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 23rd day of May, 2022.

_____
Richard Marshack

134148180.3