VINOD NICHANI|SBN 277607
NICHANI LAW FIRM
111 North Market Street, Suite 300
San Jose, California 95113
Phone: 408-800-6174
Fax: 408-290-9802
Email: vinod@nichanilawfirm.com

Attorney for
VAHE TASHJIAN, INDIVIDUALLY

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>DUTCHINTS DEVELOPMENT, LLC<br><br>Debtor. | Case No.: 21-51255 MEH<br><br>Chapter 7<br><br>VAHE TASHJIAN'S RESPONSE TO ORDER FOR VAHE TASHJIAN TO APPEAR AND SHOW CAUSE RE: CONTEMPT<br><br>**Hearing:**<br>Date: September 29, 2022<br>Time: 2:30 pm<br>Location: Courtroom 11<br>280 S. First Street<br>San Jose, CA |

TO THE HON. M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY JUDGE AND

THE CHAPTER 7 TRUSTEE:

## PRELIMINARY STATEMENT

Dutchints Development LLC (hereinafter "Debtor") was organized in the state of

California on July 25, 2016. Pursuant to the Amended and Restated Operating Agreement the

1

manager was Vahe Tashjian (hereinafter "Tashjian"). Tashjian never was an employee of Debtor, but instead the chief executive.

On September 29, 2021, the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 11 of the Bankruptcy Code. On December 20, 2021, the Office of the United States Trustee appointed an official committee of unsecured creditors. On February 11, 2022, the Court entered an order converting the Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code. Thereafter, on April 28, 2022, the Court entered an order confirming the Trustee as the permanent Chapter 7 trustee in this bankruptcy Case. Tashjian has invoked his Fifth Amendment privilege against self-incrimination.

The subject turnover order that is the focus of the Order For Vahe Tashjian to Appear and Show Cause Re: Contempt (hereinafter "OSC") requires Tashjian to provide administrator access and passwords. In summary, the Trustee requires access to the Google Accounts and Quickbooks accounts that Debtor has used in the past. The computers for the debtor have already been provided to the trustee.

### ACCESS TO THE GMAIL ACCOUNT VIOLATES TASHJIAN'S RIGHTS.

A corporation is considered a "person" for many purposes, including determining who is eligible to file a Chapter 7 or Chapter 11 petition. (11 U.S.C. §§101(41) (1994) ("person") includes individual, partnership, and corporation"). Yet, "[a] corporation is not a 'person' entitled to claim the Fifth Amendment's privilege against self-incrimination."*In re Marine Power & Equip.Co.*, 67 B.R. 643, 649 (Bankr. W.D. Wash. 1986). Only an individual may assert a claim of privilege against self-incrimination. "[F]or purposes of the Fifth Amendment, corporations and other collective entities are treated differently from individuals…[in that]a corporation has no Fifth Amendment privilege." *Braswell v. United States*, 487 U.S. 99, 104

2

VAHE TASHJIAN'S RESPONSE TO ORDER FOR VAHE TASHJIAN TO APPEAR AND SHOW CAUSE RE: CONTEMPT

NICHANI LAW FIRM
111 N. Market Street, Suite 300
San Jose, California 95113

(1988) citing *Hale v. Henkel*, 201 U.S. 43 (1906). The Supreme Court held that a custodian of corporate records may not resist a subpoena for such records on the ground that production would personally incriminate him in violation of the Fifth Amendment. *Elias v. United States (In re Grand Jury Proceedings)*, No. 97-36211, 1998 U.S. App. LEXIS 667 (9th Cir. Jan. 14, 1998) citing *Braswell v. United States*, 487 U.S. 99, 101 L. Ed. 2d 98, 108 S. Ct. 2284 (1988).

However, "There is a distinction between individuals acting as corporate officers and individuals in their personal capacity; in their personal capacity they may be entitled to invoke the privilege against self-incrimination." *In re Marine Power & Equip. Co.,* 67 B.R. 643, 649 (W.D. Wash. 1986) (citing *Curcio v. United States*, 354 U.S. 118(1957)).

**Mr. Tashjian was not an employee.**

The *Trustee's Status Report Regarding Production of Documents by Vahe Tashjian on Behalf of Debtor* references the below-mentioned paragraph from the Debtor's handbook:

Privacy and Monitoring

Computer hardware, software, email, Internet connections, and all other computer, data storage or ECS provided by DUTCHINTS DEVELOPMENT LLC are the property of DUTCHINTS DEVELOPMENT LLC. <u>Employees</u> have no right to personal privacy when using DUTCHINTS DEVELOPMENT LLC'S ECS(1). To ensure productivity of <u>employees,</u> compliance with this policy and with all applicable laws, including harassment and anti-discrimination laws, computer, email and internet usage may be monitored.

The lack of expectation of privacy through the handbook applies to employees of Dutchints, not the managing director. The handbook was only published on April 26, 2019, clearly a couple of years after the Debtor was organized.

///

///

///

Case: 21-51255    Doc# 262    Filed: 09/29/22    Entered: 09/29/22 13:36:45    Page 3 of 6

VAHE TASHJIAN'S RESPONSE TO ORDER FOR VAHE TASHJIAN TO APPEAR AND SHOW CAUSE RE: CONTEMPT

///

**Mr. Tashjian is the owner of the Google Workspace System.**

The Google Workspace system was purchased in July 22, 2016, by Tashjian. The Debtor was organized on July 25, 2016. Tashjian, as owner of the account, allowed the Debtor use of said services. The rights to said Google Workspace system was never sold or assigned to the Debtor. The Gmail account obtained through Google Workspace includes emails related to the debtor, but also personal emails related to Tashjian individually and attorney client privileged matter that could be related to his personal matters. There is no doubt that Tashjian is the custodian of some emails on behalf of the Debtor, but not all emails. Production of emails, which could be considered documents that do not belong nor were written on behalf of the Debtor, could be incriminating for Tashjian.

Documents may be incriminating in two ways. First, and perhaps more obviously, the contents of the documents may be incriminating. Nevertheless, the simple act of producing documents also may be incriminating. *Butcher v. Bailey*, 753 F,2d 465,469 (6th Cir. 1985) (citing *United States v. Doe*, 465 U.S. 605,613 n. 11(1984). The *Butcher* decision concluded that implicit authentication through the act of production might be sufficiently testimonial to be incriminating. *Butcher v. Bailey* at 469. The Sixth Circuit remanded the case to the bankruptcy court, where the debtors were required to classify the documents and show how the implicit authentication by production of any class of documents would be incriminating. *Butcher v. Bailey* at 470. If authentication of a class of documents was a foregone conclusion, then the documents would not be privileged. *Id.* "On the other hand, if authentication is not a foregone conclusion, debtor's act of authentication would be incriminating--as a link in the chain of evidence--only if the nature of the documents indicated that their contents might be

4

VAHE TASHJIAN'S RESPONSE TO ORDER FOR VAHE TASHJIAN TO APPEAR AND SHOW CAUSE RE: CONTEMPT

incriminating." *In re Ross*, 156 B.R. 272 (Bankr. D. Idaho 1993) at 279. It is questionable whether the Gmail account belongs to the Debtor or Tashjian since the account was owned by Tashjian, but the Debtor was allowed to use the services. In that the account has been active since 2016, a simple search term would not assist in defining the intention of each email. It would take time and possibly a third party akin to a referee/special master to review each email for privileged material, prior to production.

**Google Drive Account**

Tashjian produced a tranche of documents related to the Google Drive account for Debtor. (Doc #242 Para.6). To support questions as to whether all items on the Google Drive account have been produced, Tashjian produced a link to said Google Drive account through counsel on September 21, 2022. Counsel for the Trustee had trouble accessing the Google Drive account. As a result, Mr.Tashjian again produced a link to the account on September 28, 2022. Tashjian will work with the Trustee as required to provide access.

**Quickbooks**

Tashjian is diligently working with the Debtor's prior employees to access Quickbooks.

## CONCLUSION

Under the cloud of possible criminal investigation, Tashjian has had to navigate the waters of this proceeding with great care to comply with the Trustee's requests and Court orders while at the same time avoiding a waiver of his individual Fifth Amendment right against self-incrimination. Tashjian has sought to cooperate with the Trustee, such as meeting at counsel for the Trustee's office in San Francisco and discussing the Debtor's business, questionable creditors, and the recovery of assets. Additionally, Tashjian has allowed access to the Trustee's representative to locate and collect the Debtor's computers and items. Tashjian is complying to

NICHANI LAW FIRM
111 N. Market Street, Suite 300
San Jose, California 95113

the best of his ability. Additionally, Tashjian requests a discovery referee/special master or a professional to be appointed to facilitate and oversee the transfer of the Gmail accounts to the trustee. Due to the efforts of Tashjian and his interest in cooperating with the Trustee, the contempt order should be denied.

**WHEREFORE,** the Mr. Tashjian respectfully requests that the Court considers this Opposition

Dated: September 29, 2022                                  NICHANI LAW FIRM


/s/ Vinod Nichani
VINOD NICHANI
Attorney for Vahe Tashjian, Individually